PARKER, Judge.
Glen E. Davidson appeals the trial court’s order which confirmed an arbitrator’s supplemental report on costs with the exception of the award of the arbitrator’s fees in favor of Davidson. We reverse, concluding that the arbitrator had the authority to award the arbitrator’s fees as recoverable costs and that the trial judge had no grounds on which to modify the award.
Davidson instituted an action for dissolution of partnership, or for the withdrawal therefrom, and for corresponding relief. He also moved the trial court for entry of an order appointing an arbitrator. The trial court appointed an arbitrator who was granted “the power to construe provisions of the subject partnership agreement, and to make all decisions necessary to the proper mode of carrying out the partnership agreement.” After a three-day final hearing, the arbitrator rendered a report which concluded that Davidson was entitled to the fair market value of his withdrawing interest from the partnership. The trial court confirmed the arbitrator’s report but remanded the matter to the arbitrator for his determination regarding costs. The arbitrator prepared a supplemental report which found that Davidson was the prevailing party and recommended an award of *887 costs to Davidson in the amount of $3,421.88, which included $2,218.30 for one-half of the arbitrator’s fees.[1] The trial judge confirmed the supplemental report on costs with the exception of the $2,218.30 for the arbitrator’s fees. The trial court orally ruled that the arbitrator’s fee should be shared based upon the partnership agreement. Specifically, the court stated: “With regard to Buddy’s [the arbitrator] findings and reports, I am in agreement with the exception of the dutiful contract clause. I do think that each party should pay one-half of the arbitrator’s fee. But beyond that I find all costs awardable to the prevailing party, which was Mr. Davidson.”
We begin our analysis of this case with resolving the issue of whether fees of an arbitrator are recoverable costs. We conclude that there is statutory authority for an arbitrator’s fee to be awarded as an item of costs. Section 682.11 provides:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators’ ... expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
§ 682.11, Fla.Stat. (1989). Thus, the arbitrator in this case had the authority to provide for the payment of his fees in the award as long as the award did not conflict with a provision in the partnership agreement. See Carter v. State Farm Mut. Auto. Ins. Co., 224 So.2d 802, 805 (Fla. 1st DCA 1969). Although the trial court indicated in its oral ruling that a provision in the agreement precluded the inclusion of the arbitrator’s fees as an item of costs, neither this court nor the attorneys representing these parties have been able to find any reference in the partnership agreement which controls the payment of arbitration costs. The arbitrator’s supplemental report on costs, therefore, was presumptively valid.
The trial court’s role upon receipt of a presumptively valid arbitrator’s report is limited by section 682.12 which provides:
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.
§ 682.12, Fla.Stat. (1989) (emphasis supplied). See also Bohlmann v. Allstate Ins. Co., 171 So.2d 23 (Fla. 2d DCA 1965) (the court must confirm an award unless it finds grounds set forth in the statutes for vacation, modifying, or correcting the award). Both parties agree that the provisions of sections 682.13 and 682.14 are not applicable to this case.
Finding nothing in the partnership agreement, the statutes, or the case law permitting the trial court to modify the arbitrator’s supplemental report, we conclude that the trial court erred in disallowing the arbitrator’s fees as an item of recoverable costs for Davidson, the prevailing party in the arbitration proceeding. Accordingly, we reverse and remand this matter to the trial court to confirm in full the arbitrator’s supplemental report which awarded costs in favor of Davidson.
Reversed and remanded with directions.
SCHOONOVER, C.J., and PATTERSON, J., concur.

. Initially Davidson paid one-half of the arbitrator’s fees and the Lucases paid the other half. The arbitrator allowed Davidson to recover from the Lucases his share of the fees he had paid to the arbitrator.