622 So.2d 75 (1993)
PHARMACY MANAGEMENT SERVICES, INC., a Florida corporation, Appellant,
v.
Charles H. PERSCHON, Michael Franks, Donna R. Stoneham, and Wallace L. Throndsen, Appellees.
No. 92-02854.
District Court of Appeal of Florida, Second District.
July 21, 1993.
Hala A. Sandridge, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
Mark Herdman of Kelly, McKee, Herdman & Ramus, Tampa, for appellees.
DANAHY, Judge.
The appellant challenges a final judgment awarding the appellees $18,300 in attorney's fees and $18,197.90 in pre-award interest following the entry of an arbitration award requiring the appellant to pay each appellee a sum certain. We reverse.
In this action the appellees each asserted two claims against the appellant, one for breach of contract and the other for fraudulent inducement. Each contract is an employment contract and each contains a provision entitling the prevailing party to attorney's fees in any litigation arising from the contract.
*76 All claims, both the claims for fraudulent inducement and the claims for breach of contract, were submitted to arbitration. The arbitration award required the appellant to pay each appellee a sum certain. After allocating the burden of the arbitration costs, the award states that "this Award is in full settlement of all claims submitted to this arbitration." No motion was filed requesting clarification by the arbitrator of the theory of recovery or requesting the arbitrator to modify the award to include pre-award interest. Some time later the appellees filed motions to tax costs and attorney's fees and to award them pre-award interest. The trial court granted these motions and entered the judgment which the appellant has brought to this court for review.
The appellant first points out, correctly, that a cause of action for alleged misrepresentation in the inducement of a contract does not arise out of the contract itself; thus, there is no basis for an award of attorney's fees to a party who prevails on such a cause of action. See Hopps v. Smith, 520 So.2d 673 (Fla. 5th DCA 1988). The appellant argues that because the arbitration award in this case did not specify whether the amounts awarded to the appellees were based on the fraudulent inducement claims or the breach of contract claims, or both, the trial court had no basis on which to award fees under such circumstances. We agree. As this court has pointed out, when arbitrators are presented with several theories, one or more of which permit an award of attorney's fees, the arbitrators are certainly authorized to inform the parties whether the award is based upon a theory that will entitle the claimant to an award of attorney's fees in a subsequent court proceeding. Raymond, James & Assocs. v. Wieneke, 591 So.2d 956 (Fla. 2d DCA 1991), review denied, 598 So.2d 79 (Fla. 1992). In this case, where the arbitrator had before him two groups of claims, one of which would support an award of attorney's fees and one of which would not, the arbitrator failed to inform the parties whether his award was based upon claims which would support the later award of attorney's fees by the trial court. Accordingly, the trial court erred in awarding attorney's fees based on the arbitration award.
The appellant further argues that the trial court's award of interest predating the arbitration award was improper and should be reversed. Again, we agree. In support of its position, the appellant cites McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981). In that case, the arbitration award itself did not mention pre-award interest and stated that it was in full settlement of "all claims." As noted above, the arbitration award in this case, without mentioning pre-award interest, stated that the award was in full settlement of "all claims submitted to this arbitration." The McDaniel court held that under such circumstances any claim to interest predating the award was extinguished by the award. We agree with the reasoning in McDaniel and hold that the award of pre-award interest in this case was error.
The appellees point out that McDaniel predates the decision of the Florida Supreme Court in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). The appellees argue that the McDaniel decision was superseded by the decision in Argonaut. Their argument is unpersuasive. Argonaut did not address the issue before the court in McDaniel. The ministerial act of computing prejudgment interest discussed in Argonaut requires that damages be liquidated as of a date certain. In the instant case, because the arbitrator did not state whether the arbitration awards were based on fraudulent inducement or breach of contract, or both, the trial court could not identify the date of loss. The trial court chose the date on which the appellees' employment was terminated as the date from which pre-award interest would be computed. There was no basis for the trial court's choice of that date when the trial court did not know whether the recovery under the arbitration award was for breach of the employment contracts or was for fraudulent inducement, or both.
*77 For the foregoing reasons, we reverse the final judgment awarding attorney's fees and pre-award interest to the appellees.
Reversed.
RYDER, A.C.J., and CAMPBELL, J., concur.