676 So.2d 464 (1996)
DEAN WITTER REYNOLDS, INC. and Watson Dyer, Appellants,
v.
Lynn WOOD, Appellee.
No. 94-2953.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Rehearing Denied July 15, 1996.
*465 Peter J. Aldrich and Richard B. Warren of Kelley, Aldrich & Warren, P.A., West Palm Beach, for Appellants.
Robert W. Anthony and John A. Taylor of Warlick, Fassett, Divine & Anthony, P.A., Orlando, for Appellee.
W. SHARP, Judge.
This is an appeal from an order of the lower court which determined entitlement to, and the amount of, attorney's fees. Dean Witter claims that the trial court erred in vacating an attorney's fees award entered by the arbitrators during an arbitration proceeding. We affirm in part and reverse in part.
Wood was referred to Dean Witter in July 1986. At that time, she had investments in a conservative mutual fund and stocks, which totalled approximately $150,000. She had inherited these investments at the age of twenty-two. Half of this money was in Investment Fund of America; the remaining was invested in blue chip stocks. The only investment she had ever made was to put money into the mutual fund, and she had no financial experience or education in finance or investments.
Wood wanted Dean Witter to review her portfolio because she was interested in increasing the income from it. She had been referred to Watson Dyer, who became her account executive. Dyer told her to put all of her money in "good bonds" and recommended a bond fund for Wood. In July of 1986, three purchases were made for Wood in the Dean Witter High Yield Bond Fund, which totalled $131,617.01. This purchase was made by selling most of Wood's blue chip stocks and the mutual fund. After these sales and the new purchase, Wood's investment was limited to 8,890 shares of Dean Witter High Yield Bond Fund, and Phillips Petroleum stocks, which were valued at $14,030.32. The Dean Witter High Yield Bond Fund was a high-risk bond fund which included primarily junk bonds, and bonds from companies that were not rated AAA companies.
Wood received regular income from the bond fund, but until late 1989 was unaware that the principal value of the fund had been rapidly decreasing from the date of purchase. She had not reviewed the monthly statements sent by Dean Witter, instead relying solely on Dyer's guidance. In September or October of 1989, Wood's husband reviewed the status of her account and realized that her principal had been substantially eroded because the income she had been receiving was depleting her capital. After learning that her principal investment had been depleted by $45,000, she sold her shares in the Dean Witter High-Yield Fund for a net amount of $86,944.20.
Wood then filed a statement of claim against Dean Witter with the National Association of Securities Dealers (NASD) and commenced arbitration proceedings in 1992. In May 1993, Wood filed an action in the Circuit Court of Orange County, but on September 29, 1993, the parties entered into a stipulation in the circuit court, which dismissed the case and provided that the claims raised would be decided by the pending NASD arbitration.
The case went before an NASD arbitrator and a hearing was held. Wood argued that the arbitrator had the authority to determine attorney's fees; Dean Witter argued he did not. The arbitrator determined that he did have the authority to hear the attorney fee issue, and Wood's attorney presented evidence of his fee. On June 8, 1994, Wood was awarded $58,235.44 in compensatory damages and $36,108.32 for attorney's fees and costs.
*466 But on July 27, 1994, Wood filed an action in the circuit court, claiming that there was no agreement to arbitrate the attorney's fees. Dean Witter filed a motion to confirm the arbitration award, and Wood filed a motion to determine entitlement to attorney's fees. On November 3, 1994, the trial court granted Wood's motion, finding that there was no stipulation between the parties for the arbitrators to determine attorney's fees. On December 5, 1994, a final judgment was entered under section 682.13(c) and 682.14(1)(b) granting Wood $128,193.75 for attorney's fees, $6,250.65 for costs, and interest at the rate of twelve percent per annum from the date of the arbitration award.
In Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995), the supreme court held that parties may agree to waive their entitlement to have the circuit court decide the issue of attorney's fees under s. 682.11, and by so doing they confer jurisdiction upon the arbitrator. Trial courts, however, have the exclusive jurisdiction to resolve the factual issue of whether the parties have waived this right. Turnberry. An arbitrator has no authority to award fees absent an express waiver of this statutory right. Turnberry at 1175.
The record before us reveals there was no meeting of the minds on who should determine the attorney fee award and there is no express waiver as contemplated in Turnberry. In fact, the record reveals quite the opposite. At arbitration, the parties espoused positions contrary to those they took before the circuit court. Hence, under section 682.11, the trial judge had the authority to determine the attorney's fees issue.
Dean Witter also challenges the amount of the fees awarded, both as to interest and costs, and the court's application of a contingency fee multiplier. The lower court erred in the manner in which it taxed interest and the contingency fee multiplier, based upon the date Wood became entitled to the fee, and the fact that this was a partial contingency fee case.
The trial court awarded interest from June 8, 1994, the date the arbitrator determined Wood was entitled to such award. The Florida Supreme Court has recently determined that prejudgment interest on an attorney's fees award accrues from the date the entitlement to the award is fixed through agreement, arbitration award, or a court determination, even where the amount of the award has not been set. Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996). But here, the trial court found that there was no stipulation for the arbitrator to make an attorney's fee award. Thus, the entitlement to an attorney's fee was not fixed until the date the trial court determined Wood was entitled to it, on November 3, 1994.
The judge applied a contingency multiplier of 2.5 to the lodestar for the time expended by Wood's counsel. This case is a partial contingency fee case, which was discussed in Lane v. Head, 566 So.2d 508 (Fla. 1990). Lane holds that use of a multiplier is permissible in such cases, but attorneys are not entitled to the same enhancement of the customary reasonable fee that is available if the fee arrangement is fully contingent. The multiplier should be reduced to be roughly equal to the percentage of the attorney's customary fee that was guaranteed by the fee arrangement. Lane. The court explained that if the contingency fee arrangement guaranteed the attorney two-thirds of his or her customary fee, then the amount of additional compensation computed by use of the multiplier should be reduced by two-thirds. Lane.
We therefore affirm in part and reverse in part. We remand for redetermination of the fee award based on a multiplier, and the imposition of interest, consistent with this opinion.
AFFIRMED in part; REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.