PER CURIAM.
Robert Gay Construction Company (Gay) appeals an order and final judgment confirming an arbitration award and awarding attorney’s fees to CECO Budding Systems (CECO) as the prevailing party in the arbitration proceeding. CECO’s entitlement to attorney’s fees in the instant case is based upon a determination that it was the prevailing party in an action with respect to a contract in the underlying arbitration proceeding. We conclude, however, that CECO submitted the issue of prevailing party to the arbitrator and that this submission to the arbitrator constituted a waiver of CECO’s right to have the circuit court decide the prevailing party issue. As a result, the trial court had no authority to designate CECO as the prevailing party and award fees, and we reverse.
I.
This action arose from a construction project performed by Gay in North Carolina *1125 pursuant to a contract with the Army Corps of Engineers (the Corps). In furtherance of its contract, Gay subcontracted a portion of its work to Southteeh Construction Company (Southtech). CECO initially was a material supplier to Southtech with responsibility for furnishing pre-engineered metal buildings. As a co-principal with Southtech, CECO furnished Gay a performance bond guaranteeing performance of the subcontract. Federal Insurance Company was the surety on the performance bond.
During the course of the construction project, Southteeh ceased operations and CECO, in accordance with its obligations as a co-principal under the performance bond, completed the subcontract and became entitled to payment of the balance owing under the subcontract. Gay advised CECO, however, that Gay was unable to make payment because it had not received its retainage from the Corps and that, when the Corps paid the retainage, CECO would be paid.
In July 1992, more than a year after completion of the subcontract work and CECO’s submission of its request for final payment, CECO initiated a demand for arbitration against Gay to recover the balance owed under the subcontract. During the same month, Gay submitted a claim for equitable adjustment to the Corps, by which Gay sought to recover approximately $1.8 million in damages for 378 days of delay in the completion of the project, which Gay attributed solely to the Corps.
In October 1992, Gay filed a counterclaim for arbitration against CECO. In its counterclaim, Gay asserted that completion of the project had been delayed 378 days and that CECO’s co-principal (Southtech) was responsible for 290 of those 378 days. Gay claimed approximately $612,000 in delay damages against CECO and, allowing CECO credit for the balance owed under the subcontract, sought an affirmative recovery under the performance bond against CECO of approximately $582,000.
In its response to Gay’s counterclaim, CECO claimed that, under the terms of the performance bond and section 57.105, Florida Statutes (1993), it was entitled to recover from Gay its attorney’s fees and costs incurred in the arbitration. CECO expressly requested the arbitrator to include as a part of his decision “a factual determination that CECO is the prevailing party” so that the issue of attorney’s fees could be submitted to the circuit court.
After a four-day arbitration hearing, the arbitrator awarded CECO approximately $41,000 on its claim (including interest) and awarded Gay a $10,000 credit for its counterclaim, resulting in a net award to CECO of $31,258.91, plus the arbitrator’s expenses and certain administrative fees that were divided between the parties. The arbitration award, however, made no finding identifying a prevailing party.
CECO filed a motion to modify the arbitration award with the' arbitrator in which it noted that the arbitration award made no finding as to a prevailing party and requested that “the award be modified and/or clarified to reflect that [CECO] was the prevailing party on all significant issues in the arbitration.” The arbitrator denied CECO’s motion.
In December 1993, CECO filed in the circuit court its complaint for confirmation of the arbitration award and for an award of attorney’s fees incurred in the arbitration proceedings. Gay filed its answer and a counterclaim for an award of its attorney’s fees incurred in the arbitration proceedings. Bifurcating the issues, the court entered a judgment confirming the arbitration award and, following a hearing, entered an order finding that CECO was the prevailing party and awarding CECO $50,000 as reasonable attorney’s fees. Following the entry of a final judgment, incorporating the prior judgment and attorney’s fee order, this appeal followed.
II.
CECO sought attorney’s fees and costs under the provision of the performance bond,[1] see, Marshall v. W & L Enterprises *1126 Corp., 360 So.2d 1147 (Fla. 1st DCA 1978), and section 57.105(2), Florida Statutes (1993). Section 57.105(2) states:
If a contract contains a provision allowing attorney’s fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
CECO contends that, since the bond is a contract which provides for the payment of costs and attorney’s fees to the bond obligee (Gay), section 57.105(2) authorizes CECO’s recovery of fees and costs as the prevailing party in arbitration.[2]
Gay argues, among other things, that the trial court erred in designating CECO as the prevailing party and in awarding attorney’s fees to CECO because the issues relating to which party prevailed at arbitration had been submitted to the arbitrator and the arbitrator determined not to designate CECO as the prevailing party. Thus, Gay argues, by the trial court designating CECO as the prevailing party, the trial court was impermissi-bly substituting its judgment for the judgment of the arbitrator.
III.
The Florida Arbitration Code expressly removes attorney’s fees from the range of arbitrable issues. § 682.11, Fla. Stat. (1993). Nevertheless, the parties to arbitration may agree to waive their statutory entitlement to have the circuit court decide issues relating to attorney’s fees. Tumberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995): Although the Supreme Court in Tumberry established that parties to an arbitration proceeding “may confer subject matter jurisdiction upon an arbitrator to award attorney’s fees,” id. at 1175, the Tumberry court gave the “trial courts, in the event a dispute arises, ... exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue.” Id.
While the parties here did not agree to have the arbitrator decide all issues relating to attorney’s fees, below CECO did expressly submit to the arbitrator all issues relating to whether it was the prevailing party — the central question on which its entitlement to fees is based in the instant case. Since waiver was argued below by Gay, before the trial court could have designated a prevailing party and awarded fees, under Tumberry it was required first to determine whether CECO’s submission of the prevailing party issue to the arbitrator constituted a waiver of its entitlement to have the court decide this issue. Id. Only if the trial court had found that no waiver had occurred, would the trial court have had the ability to proceed to designate a prevailing party.
The facts in the record relating to CECO’s submission to the arbitrator are not in dispute. Based upon these undisputed facts, we conclude that, by submitting the prevailing party issues to the arbitrator, as a matter of law CECO waived its entitlement to have the prevailing party determined by the circuit court. Id. As a result of CECO’s waiver, the trial court did not have the authority to designate CECO as the prevailing party and, *1127 then, to award attorney’s fees to CECO. Accordingly, we reverse.
REVERSED and REMANDED for proceedings consistent with this opinion.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.

. In pertinent part, the performance bond provides, as follows:
WHEREAS, the Principal has entered into a written subcontract with the Obligee, dated *1126 June 9, 1989, to perform, as Subcontractor, certain portions of the work in connection with said Prime Contract, consisting of erecting a pre-engineered metal building at Fort Bragg, North Carolina which Subcontract is hereby referred to and made a part thereof.
NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the ... Principal [Southtech & CECO] shall well and truly perform all the undertakings, covenants, terms, conditions, and agreements of said Subcontract within the time limit provided herein and any extensions thereof that may be granted by the Obligee [RGCC], and during the life of any guaranty required under said Subcontract, and shall also well ... perform all the undertakings ... of ... all duly authorized modifications of said Subcontract that may hereafter be made, and shall indemnify and save harmless said Obligee of and from any and all loss, damage, and expense, including costs and attorney's fees, which the Obligee may sustain by reason of failure so to do, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

. Because of our holding here, we do not decide whether under the circumstances of the. instant case CECO could recover attorney’s fees as a prevailing party in an action with respect to the bond.