734 So.2d 487 (1999)
JOSEPHTHAL LYON & ROSS, INC., Appellant,
v.
Barbara L. DURHAM, et al., Appellee.
No. 98-682.
District Court of Appeal of Florida, Fifth District.
May 14, 1999.
*488 Robbie D. Lake Mayer and Ronald Shindler of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for Appellant.
Stephen D. Spivey, Ocala, for Appellee.
THOMPSON, J.
Josephthal Lyon & Ross, Inc. and Brian Ronoke ("Josephthal") appeal a final judgment awarding Barbara Durham attorney's fees following arbitration proceedings. We affirm the trial court's determination of entitlement but modify the amount of the award because it exceeds the fee agreement between Durham and her attorney.
Durham filed a Statement of Claim with the National Association of Securities Dealers ("NASD") charging Josephthal violated the NASD Rules of Fair Practice, the Florida Securities Investors Protection Act[1] ("FSIPA"), and unspecified federal and state regulations. She asserted the violations resulted from Josephthal's misrepresentation, negligent supervision, unauthorized trading, and unsuitable investments. The parties agreed to arbitration and Durham prevailed, receiving an award of $28,564.53 in compensatory damages. The arbitration panel did not specify on which theory or theories of liability Durham had prevailed. However, the award stated:
3. The Respondents be and hereby are liable, jointly and severally, and shall pay to the Claimant her attorneys' fees as determined by a court of competent jurisdiction.
Durham thereafter applied to the circuit court for confirmation of the award and determination of a reasonable attorney's fee. Josephthal sought to vacate the portion awarding Durham attorney's fees, asserting that the arbitration panel had no authority to make such an award. The trial court agreed with Josephthal but found Durham nonetheless was entitled to attorney's fees.
At the hearing to determine the amount of the fee award, Durham presented a settlement statement showing her attorney received 33.3 percent of the arbitration award, or $9,197.36, as his fee. The fee agreement itself was not entered into evidence, and there was no testimony regarding its terms. Durham's expert witness testified the 86.20 hours claimed and the $200 hourly rate requested by Durham's *489 attorney were reasonable in light of the complexity of securities litigation. The expert further opined a contingency risk multiplier of 1.75 would be appropriate. The court found the $200 hourly rate reasonable but found Durham's attorney expended only 77.2 hours on the NASD claim and fee entitlement. The court then enhanced the lodestar of $15,440 by a multiplier of 1.75, resulting in a fee award of $26,420.
Josephthal argues the trial court had no basis for awarding Durham attorney's fees because nothing in the arbitration award indicated she had prevailed on a claim which would entitle her to fees.[2] We disagree.
Success on the FSIPA claim, see section 517.301, Florida Statutes (Supp.1992), would entitle Durham to an award of attorney's fees. Section 517.211(6), Florida Statutes (1995), provides:
In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.
Although the arbitration award was not explicitly based on the FSIPA claim, the panel did state Josephthal would be liable to Durham for her attorney's fees in an amount to be determined by the circuit court. This language was sufficient to permit a fee award under section 517.211(6). See Raymond, James & Assoc., Inc. v. Wieneke, 591 So.2d 956, 957-8 (Fla. 2d DCA 1991) (where arbitrators stated they `determined to make an award [of attorney's fees] in favor of' one party, trial court correctly determined such language was sufficient to authorize award of fees because "arbitrators are certainly authorized to inform the parties whether the award is based upon a theory that will entitle the claimant to an award of attorneys' fees"), rev. denied, 598 So.2d 79 (Fla. 1992). Cf. Pharmacy Management Services, Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993) (where arbitration award made no mention of entitlement to or liability for attorney's fees, trial court had no basis for awarding attorney's fees because arbitrator failed to inform parties whether arbitration award was based on breach of contract claim, which would support award of attorney's fees, or on fraudulent inducement claims, which would not support attorney's fee award).
However, the lower court erred in awarding an amount in excess of the fee agreement between Durham and her attorney. The evidence before the court showed only that Durham agreed to pay the attorney 33.3 percent of the amount recovered in arbitration. Therefore, the court could award no more than $9,197.36. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). See Lane v. Head, 566 So.2d 508 (Fla.1990) (reducing fee award which exceeded agreed-upon fee of 25% of amount recovered in litigation); Wieneke, 591 So.2d at 958 (reversing fee award in amount larger than 40% contingency fee agreed upon by client and attorney because contract did not contain provision permitting a higher fee if set by court, and explaining that to affirm the award would mean a windfall for either the client or the attorney); Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1034, 1036 (Fla.1991). Accordingly, we modify the judgment to reflect a reasonable fee of $9,197.36. See Warren v. *490 Department of Admin., 590 So.2d 514 (Fla. 5th DCA 1991).
AFFIRMED AS MODIFIED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Chapter 517, Florida Statutes.
[2] The trial court correctly found that the arbitration panel lacked authority to award Durham attorney's fees. See Turnberry Assoc. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla. 1995) (section 682.11, Florida Statutes, prohibits arbitrators from including attorney's fees in award of expenses and fees incurred during arbitration proceedings unless parties expressly waive right to trial court determination of entitlement to and amount of fees); Dean Witter Reynolds, Inc. v. Wood, 676 So.2d 464 (Fla. 5th DCA 1996).