732 So.2d 482 (1999)
Wendy KIRCHNER, Appellant,
v.
INTERFIRST CAPITAL CORPORATION, etc., Appellee.
No. 98-2811.
District Court of Appeal of Florida, Fifth District.
May 21, 1999.
Neal J. Blaher, Orlando, for Appellant.
Alan M. Grunspan of Kaufman, Miller, Dickstein & Grunspan, P.A., Miami, for Appellee.
HARRIS, J.
In this case, Wendy Kirchner's claim against Interfirst was submitted to arbitration on a number of theories including *483 her allegation that Interfirst violated the provisions of the Florida Securities & Investor Protection Act. The arbitration's result was in her favor, and the arbitration award provided the following concerning attorney's fees:
The law in the state of Florida provides that arbitrators in an arbitration proceeding whose venue lies within the State of Florida lack the authority to make a determination with regard to the entitlement to and amount, if any, of an award of counsel fees. Therefore, the parties are referred to a court of competent jurisdiction for a determination in this regard.
Kirchner applied to the circuit court for attorney's fees, which were denied in reliance on Pharmacy Management Services, Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993). This was error. Perschon merely holds that when the arbitrator has various theories before him, some of which authorize attorney's fees and some of which do not, if the arbitrator fails to disclose the basis of his decision, a court should not award attorney's fees. This is because the one seeking an award of attorney's fees has the burden of proving entitlement. We agree with the holding in Perschon.
Perschon is simply inapplicable to the case before us. Although the arbitrator must indicate that the one seeking attorney's fees prevailed on a cause of action authorizing fees, this indication may be either direct or indirect. Here, the arbitration award clearly held that the defendant breached its obligations under the applicable consumer protection provisions of the securities law (such breach authorizes the imposition of attorney's fees) and, regardless of the arbitrators' findings related to her other claims, the statutorily authorized attorney's fees should have been awarded.
Kirchner, a widow with three children, entrusted a good portion of her estate ($26,500) to defendant who invested the money in risky commodities options with the result that in a short period Kirchner had lost practically all of her investment. The arbitration award states:
Under federal [not claimed herein] and Florida securities law, recommendations of or, in the present case, approval of a trading account, which is unsuitable for the customer in view of the customer's financial situation is an actionable violation of such laws.
* * *
The evidence presented in this proceeding clearly establishes that this options trading account was unsuitable for Claimant in light of her personal and financial situation.
* * *
In view of the facts established in this proceeding, the conclusion is inevitable that the investment in question was unsuitable for the Claimant. In addition, it was demonstrated that Respondent Baraban failed to make the inquiries it should have made to determine the suitability of this investment.
Stated algebraically, the arbitrator held:
 a + b = c
(FSIPA requires (Defendant in this case (Hence, it must
that a trading account chose an unsuitable follow that Defendant
not be unsuitable for trading account for this breached the terms
a particular customer) customer) of FSIPA.)
The arbitrators then awarded the return of Kirchner's investment with appropriate interest. The language used in the award clearly shows that, regardless of how the *484 arbitrators ruled on the other counts, the arbitrators ruled in Kirchner's favor on the securities claim. That is sufficient for the award of attorney's fees and hence the trial court's denial of fees should be reversed. It would be an empty victory for Kirchner to have prevailed in obtaining redress from her broker who violated the consumer protection provisions of the securities law if she now had to use her recovered investment to pay the fees to her lawyer made necessary by defendant's violation of its statutory duty.
REVERSED and REMANDED for the award of attorney's fees.
DAUKSCH and THOMPSON, JJ., concur.