783 So.2d 231 (2001)
Kathryn B. MOSER, Petitioner,
v.
BARRON CHASE SECURITIES, INC., Respondent.
No. SC96714.
Supreme Court of Florida.
April 5, 2001.
*232 Allan J. Fedor and Franell Fedor of Fedor & Fedor, Largo, FL, and Richard R. Logsdon, Clearwater, FL, for Petitioner.
Karol K. Williams, Tampa, FL, and Eugene M. Kennedy, Fort Lauderdale, FL, for Respondent.
ANSTEAD, J.
We have for review Barron Chase Securities, Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999), which expressly and directly conflicts with Josephthal Lyon & Ross, Inc. v. Durham, 734 So.2d 487 (Fla. 5th DCA 1999), on the issue of the jurisdiction and authority of a circuit court to award attorney's fees following arbitration proceedings. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the Second District's decision reversing the circuit court's award of attorney's fees, and hold that a trial court has the authority to remand proceedings to an arbitration panel, if such remand is necessary for the trial court to determine the issue of attorney's fees.
This case arose out of claims initially brought by petitioner, Kathryn B. Moser ("Moser"), against Barron Chase Securities, Inc., ("Barron"), and Carl W. Allen, Jr., a broker for Barron, that proceeded through arbitration with the National Association of Securities Dealers (NASD), and to the circuit court for confirmation of the arbitration award. Because one of her claims was based on a Florida statute that also provided for attorney's fees, Moser included a claim for attorney's fees in the arbitration proceedings. Upon granting Moser a monetary award on her claims the arbitration panel also concluded that "[t]he Claimant's request for attorney's fees is referred to a court of competent jurisdiction." The trial court held a hearing upon Moser's petition to correct and confirm the arbitration award and her petition for an award of attorney's fees and subsequently awarded fees to Moser based upon the language in the arbitration award referring the fee claim.
At the trial court hearing expert testimony was presented by witnesses for the plaintiff and for the defendant relating to NASD practice and procedure concerning awards. The expert testimony reflected that awards are typically drafted by the NASD staff rather than the arbitrators *233 who actually heard and decided the case. One of the experts, an arbitrator himself, testified that at training, NASD emphasizes to both arbitrators and staff that they should not specify the decisional bases of their awards. One expert testified that out of dozens of awards he reviewed over the years, he had never seen one which specifically found a violation of chapter 517, Florida Statutes,[1] even though the claimants in those cases, given the issues submitted, could not have recovered without such a finding. The defense expert, however, countered that while it is true that arbitrators are discouraged from setting out a rationale for an award, arbitrators remain free to state the legal theory upon which a party prevailed.[2] This expert indicated that the reason for a policy of brevity and for not specifying the basis of an award is simply to reduce the potential for further litigation after an award.
At issue upon our review is the Second District's holding that the trial court lacked authority to grant attorney's fees to Moser for successfully prosecuting her claim in arbitration, because the award did not explicitly specify that she prevailed on her statutory claim. The parties agree that Moser is entitled to attorney's fees if she prevailed on her statutory claim.

RELEVANT STATUTORY PROVISIONS
Florida statutory and case law authorize and endorse the resolution of disputes through arbitration. However, there has been substantial confusion as to the procedure and appropriate forum for recovering attorney's fees incident to arbitration proceedings. Section 682.11, Florida Statutes (1997), provides: "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." (Emphasis added.) This provision has been construed to vest jurisdiction for the award of attorney's fees in the circuit court. See Davidson v. Lucas, 579 So.2d 886, 887 (Fla. 2d DCA 1991).
In Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995), we approved the holding in Davidson, but held that arbitrating parties may waive their right to have the circuit court address the issue and agree that the arbitrators may do so.[3] District courts have since consistently addressed this issue in accordance with Turnberry. See Barron Chase Securities, Inc., 745 So.2d at 967; Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1020 (Fla. 4th DCA 1999); GCA, Inc. v. 90 S.W. 8th St. Enterprises, 696 So.2d 1230, 1233 (Fla. 3d DCA 1997); Robert Gay Const. Co. v. CECO Bldg. Sys., 680 So.2d 1124, 1126 (Fla. 1st DCA 1996). Notwithstanding, confusion remains as to the authority of a trial court to award fees when an arbitration award is silent or ambiguous as to whether the award was *234 based on a legal theory that carries with it an entitlement to attorney's fees.

RELEVANT CASE LAW
As mentioned earlier, the Second District held here that the circuit court was without authority to grant fees on an arbitration award that fails to set out that it is predicated upon a claim that carries with it an entitlement to fees. See Barron Chase Securities, Inc., 745 So.2d at 967. Similarly, in Pharmacy Management Services, Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993), the Second District reversed an award of fees and held that because the arbitrators failed to "inform" the parties of the legal basis of an award in a multiple claim arbitration the trial court had no authority to award fees. See id. at 76.
In Raymond, James & Associates v. Wieneke, 591 So.2d 956 (Fla. 2d DCA 1991), however, the court approved an award of fees where arbitration claims were filed under both the common law and under section 517.211. In making an award for the Wienekes, the arbitrators did not specify the basis of the award, but stated "that they `determined to make an award in favor of the Claimants and against [Raymond James] for attorneys' fees.'" Id. at 957. After the trial court ruled that such language was sufficient to authorize an award of fees under section 517.211, the Second District affirmed, holding that the arbitrators' comments about attorney's fees was a sufficient "signal" to the courts that the statutory claim was allowed.
The Fifth District has also accepted such "signaling" language from arbitrators as a basis for an award of attorney's fees. In Josephthal Lyon & Ross v. Durham, 734 So.2d 487 (Fla. 5th DCA 1999), the claimant asserted various state and federal claims, including one under chapter 517. At arbitration, Durham prevailed and was awarded compensatory damages, although the award did not specify the specific basis upon which Durham prevailed. As to attorney's fees, the award provided:
The respondents be and hereby are liable, jointly and severally, and shall pay to the Claimant her attorney's fees as determined by a court of competent jurisdiction.
Id. at 488. Based upon the attorney's fees reference in the award, the circuit court awarded fees to Durham. On appeal, the Fifth District affirmed, holding that although the award did not specify the precise claim upon which Durham prevailed, "[t]his language [in the award] was sufficient to permit a fee award under section 517.211(6)." Id. at 489 (citing Wieneke, 591 So.2d at 957-58).
The Fifth District also considered the issue in Kirchner v. Interfirst Capital Corp., 732 So.2d 482 (Fla. 5th DCA 1999), where the court held that "[a]lthough the arbitrator must indicate that the one seeking attorney's fees prevailed on a cause of action authorizing fees, this indication may be either direct or indirect." Id. at 483 (emphasis added). Kirchner is distinguishable from Durham, however, in that the Fifth District found that the arbitrators in Kirchner had expressly indicated that the award was predicated upon a theory which provided for attorney's fees.
In the instant case Moser asserts that the trial court properly entertained and determined her claim for attorney's fees based upon the express language in the arbitration award referring the claim for attorney's fees to the circuit court. As shown by the relevant case law at the district court level discussed above, we agree that the courts have recognized similar language by arbitrators as an acceptable, although indirect, means by which arbitrators have informed the circuit court *235 of the basis of their decision for purposes of facilitating the court's award of attorney's fees. As such, we conclude the trial court did not err in interpreting the award language as an indication that Moser prevailed on her statutory claim. Indeed, without such an implicit finding, there would have been no reason for the arbitrators to refer the matter to the circuit court. A finding against the claimant on her statutory claim would have made a reference of the attorney's fee issue to the circuit court unnecessary.

ARBITRATION CODE
While we have found on this record a sufficient basis for the trial court to act, we recognize the need for clarification of a trial court's authority under the arbitration code on this issue in order to avoid similar problems in the future. Although we approve the trial court's action, we acknowledge, as noted above, that there appears to be a great deal of uncertainty concerning the procedure for the award of attorney's fees in arbitration proceedings. This confusion is only exacerbated when an award fails to set out the basis for the award and a trial court must look for "signals" or speculate as to the basis of an award in exercising its statutory authority to determine and award fees.
The Florida Arbitration Code provides little guidance as to the contents of an award but, instead, focuses on the procedural framework within which the parties may seek to confirm, vacate, or modify an award.[4]See Air Conditioning Equipment, Inc. v. Rogers, 551 So.2d 554, 556 (Fla. 4th DCA 1989). For example, section 682.09(1), states that "[t]he award shall be in writing and shall be signed by the arbitrators." Section 682.14(1)(c) provides for the modification or correction of an award where "[t]he award is imperfect as a matter of form, not affecting the merits of the controversy." Last, section 682.13 provides a list of criteria upon which an award may be challenged. However, it is limited to concerns which may taint the process such as fraud, partiality and the like, and says nothing about the essentials of an award. See id.
Under the code it has been held that an award does not have to reflect the precise reasoning, findings of facts, conclusions of law, or ultimately the basis upon which a decision was arrived at by the arbitrators. See generally Prudential-Bache Securities, Inc. v. Shuman, 483 So.2d 888, 889 (Fla. 3d DCA 1986). The Shuman court reasoned that the legal basis of an award is immaterial to the subsequent determination by a trial court of whether an award should be vacated. See id. ("The fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating or modifying the award."). This view appears to be consistent with a policy favoring the termination of disputes with an arbitration decision and limited review by the courts.
Notwithstanding our recognition of this underlying policy, we find the practice of arbitrators not disclosing the basis upon which an award is made inadequate and inconsistent with the policy goals of the arbitration process as provided by the Florida Legislature with regard to the award of attorney's fees. As noted above, the code vests exclusive authority, absent waiver by the parties, over the award of fees in the circuit court. We do not believe that the Legislature on the one hand would have vested the authority in trial courts to resolve the attorney's fees issue, and, yet, on the other hand, would have restricted that authority by not permitting *236 trial courts to compel the assistance of arbitrators in order to determine the issue.
The NASD's practice of discouraging disclosure of the basis of an award as described in the trial court proceedings also raises concerns as to the due process rights of the parties as it relates to a property interest in recovering attorney's fees incurred in litigating securities violations cases.[5] The courts have long held that rights to attorney's fees granted by statute are substantive rather than procedural. See, e.g., U.S. Security Insurance Co. v. Cahuasqui, 760 So.2d 1101, 1107 (Fla. 3d DCA 2000). As such, the due process standards necessary in safeguarding such a right must provide for a "meaningful, full, and fair" hearing to the affected individual. Rucker v. City of Ocala, 684 So.2d 836, 841 (Fla. 1st DCA 1996).
In the instant case, the record reveals that Moser, a sixty-seven-year-old clerk at a pharmacy at the time, invested her savings and retirement funds with Barron. The broker in charge of Moser's investments allegedly committed various irregularities resulting in the depletion of Moser's funds. As previously mentioned, section 517.211(6) provides remedies, including the payment of attorney's fees, for just the kind of irregularities allegedly committed by Barron. However, since Moser brought her claim under several theories and the award fails to specify the basis for her recovery, the respondent contends that she is not entitled to fees since one cannot tell on the face of the award whether she is entitled to recovery of fees. In effect, then, the arbitrators' arbitrary action in failing to indicate the basis of an award would effectively deprive Moser of not just a "meaningful, full, and fair hearing," Rucker, 684 So.2d at 841, but of any hearing at all on the denial of a property interest in attorney's fees expressly provided for by section 517.211(6).[6] The Fifth District rightfully expressed concern about such an outcome in Kirchner wherein it opined, "It would be an empty victory for [a claimant] to have prevailed in obtaining redress from her broker who violated the consumer protection provisions of the securities law if she now had to use her recovered investment to pay the fees to her lawyer made necessary by defendant's violation of its statutory duty." 732 So.2d at 484. We agree with this concern.
We hold today that where a party brings claims in arbitration based upon *237 several theories, one or more of which provide for the recovery of attorney's fees, the arbitration award must specify the theory under which the claimant prevailed, or otherwise clearly indicate whether the claimant has prevailed on a theory that would permit the trial court to award fees. In the event that the award fails to reflect such a finding, the circuit court may remand the matter to the arbitration panel for the purpose of resolving the issue. Thereafter, the circuit court may determine the fee issue in accord with the finding of the arbitrators.
We believe this holding is implicitly mandated by Florida's statutory schemes, both as to attorney's fees and arbitration, and especially the code provision vesting authority in the circuit court to award fees. Section 682.14(1)(c) of the code also provides for the modification or correction of an award where the award is inadequate as a matter of form. We conclude that to the extent that knowledge of the basis of an award is necessary for the subsequent determination of an entitlement to attorney's fees, an award without a basis is per se inadequate and subject to correction by the trial court.
Accordingly, based on the foregoing, we quash that part of the Second District's decision in Moser which reversed the trial court's ruling in its determination of the issue of entitlement to attorney's fees, and remand this case to the district court for further proceedings consistent herewith.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Section 517.211(6), Florida Statutes (1997), provides: "In any action brought under this section, including an appeal, the court shall award reasonable attorney's fees to the prevailing party unless the court finds that the award of such fees would be unjust."
[2] The defense expert testified that he had seen some awards that did specify the basis for recovery.
[3] Turnberry further held that the issue of whether a party has waived its rights, if contested, is to be determined by the circuit court. See 651 So.2d at 1175. Waiver is not an issue here.

In Turnberry we also suggested that the Legislature reexamine this issue to be certain legislative policy was being followed. While we continue to invite legislative review we note that no change has been made to the statutory scheme.
[4] §§ 682.09, 682.10, 682.12-682.15, Fla.Stat. (1997).
[5] Article I, section 9 of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." (Emphasis added.) See also U.S. Const. amend. XIV, § 1 (same). The notion of a property interest encompasses a variety of valuable interests that go well beyond the traditional view of property. See 16B Am.Jur.2d, Constitutional Law, § 585 (1998). However, these interests do not make up some exclusive list; rather, they are defined in light of existing rules or understanding. See Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). As stated by the Third District:

Procedural due process rights derive from a property interest in which the individual has a legitimate claim. Once acquired, a property interest falls within the protections of procedural due process. A property interest may be created by statute, ordinance or contract, as well as policies and practices of an institution which support claims of entitlement.
Metropolitan Dade County v. Sokolowski, 439 So.2d 932, 934 (Fla. 3d DCA 1983) (footnotes omitted). This Court has further recognized that "[p]roperty rights are among the basic substantive rights expressly protected by the Florida Constitution." Department of Law Enforce. v. Real Property, 588 So.2d 957, 964 (Fla.1991).
[6] We note that in the instant case, the claimant expressly asked the arbitrators to indicate the basis of their decision. Despite this request by Moser, the arbitrators chose not to do so. See Moser, 745 So.2d at 966.