837 So.2d 1104 (2003)
OREGON PARTNERS NO. 2, LTD., and Oregon Properties, Inc., Appellants,
v.
KLAUDER & NUNNO ENTERPRISES, INC., Appellee.
No. 4D02-1126.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Timothy A. Hunt and Lynn C. Hearn of Hill, Ward & Henderson, P.A., Tampa, for appellants.
*1105 Harriet R. Lewis of Weiss Serota Helfman Pastoriza & Guedes, P.A., Fort Lauderdale, for appellee.
MAASS, ELIZABETH T., Associate Judge.
Appellant, Oregon Partners No. 2, Ltd. ("Oregon"), appeals a final judgment awarding appellee, Klauder & Nunno Enterprises, Inc. ("K & N"), its attorney's fees following confirmation of an arbitration award. We find that appellee sought arbitration of multiple claims, not all of which permitted an award of fees; the arbitration award failed to specify on which claim appellee prevailed; and the time to seek modification or clarification of the award has expired. Therefore, we reverse.
K & N and Oregon entered into a written contract for K & N to construct a Walgreen's drugstore on Oregon's property. The contract required that any claim arising out of, or related to the contract be settled in arbitration. K & N filed suit against Oregon for lien foreclosure, breach of contract, and unjust enrichment. Oregon filed a motion to compel arbitration or in the alternative a motion to dismiss contending, among other things, that K & N had failed to timely serve its final contractor's affidavit. In response, K & N served its demand for arbitration "for balance of contract price, plus claim for delay damages."
The arbitration award, issued June 8, 2001, awarded $99,806.36 to K & N and $1,500.00 to Oregon on its counterclaim, leaving a net award to K & N of $98,309.36. The award did not specify the basis on which K & N prevailed.[1]
The parties stipulated to entry of an order confirming the award. Indeed, Oregon paid the award prior to its confirmation. The stipulation required the trial court to determine whether either party was entitled to an award of attorney's fees.
K & N sought fees under section 713.29, Florida Statutes (2001), which requires an award in "any action brought to enforce a lien ... for the services of her or his attorney for trial and appeal or for arbitration...." The trial court awarded $45,240 in attorney's fees and $1,750 in costs, and this appeal followed.
Where various claims are submitted to arbitration, some of which permit an award of fees and some of which do not, fees may not be awarded unless the award indicates that the party prevailed on a claim for which fees are permitted. See Josephthal Lyon & Ross, Inc. v. Durham, 734 So.2d 487 (Fla. 5th DCA 1999); Kirchner v. Interfirst Capital Corp., 732 So.2d 482 (Fla. 5th DCA 1999); Pharmacy Mgmt. Servs., Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993). The failure of an arbitration award to specify the basis on which a party prevailed in arbitration may unfairly deny the party recovery of fees. Recognizing this problem, the Florida Supreme Court has held an award that fails to indicate the theory upon which the party prevailed is per se inadequate and subject to correction. See Moser v. Barron Chase Sec., Inc., 783 So.2d 231, 237 (Fla. 2001).
The arbitrator may modify, correct, or clarify an award on application made within twenty days after its delivery. See § 682.10, Fla. Stat. (2001). A court may modify or correct an award imperfect as to form on application made within ninety days after delivery. See § 682.14(1)(c), Fla. Stat. (2001). Here, the time to request modification or clarification has long since passed. Further, the parties stipulated *1106 to confirmation of the award without modification.
Because the award fails to show that K & N prevailed on a theory which permitted an award of fees, the award of fees was in error. See Chatfield Dean & Co. v. Kesler, 818 So.2d 572 (Fla. 2d DCA 2002); NationsBanc Sec., Inc. v. Aron, 787 So.2d 881 (Fla. 2d DCA), review denied, 791 So.2d 1094 (Fla.2001). This action is remanded to the trial court with directions to vacate the order awarding attorney's fees and costs.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] We have not considered Oregon's claim that the lien foreclosure was not part of the arbitration, since we find that the award did not permit an award of fees, in any event.