GRIFFIN, J.
The Landing Group of Tampa, Inc. [“Landing Group”] appeals the trial court’s Second Amended Final Judgment, which found Landing Group liable to Stefan Kif-ner and Tammy Kifner [“Kifners”] for attorney’s fees and costs. We affirm.
In 2003, the Kifners contracted with Landing Group to build a horse barn on *1015 their property in Volusia County. The contract price for the construction was $29,869.[1] Additionally, the Kifners asked Landing Group to obtain sealed plans showing the work to be performed, which increased the total contract price to $30,369. In constructing the barn, Landing Group apparently made mistakes that resulted in increased project costs. The relationship between the parties deteriorated and Landing Group walked away from the job site with approximately 5% of the work uncompleted. Landing Group subsequently recorded a lien on the Kif-ners’ property in the amount of $41,123. The Kifners tendered $26,250.00 to Landing Group as payment for the construction services rendered. Landing Group rejected this proposed settlement.
In 2004, the Kifners filed a complaint against Landing Group, in which they brought an action “pursuant to Section [713.31], Florida Statutes, to discharge a willfully exaggerated and fraudulent Claim of Lien and for damages, including punitive damages, court costs, clerk fees and attorney’s fees.” In response, Landing Group filed a counterclaim containing seven counts. The first six of these counts were brought in the alternative and essentially sought $41,320.60 in contract or restitution damages for the construction work that Landing Group had performed. In the seventh count, Landing Group brought an action to foreclose the construction lien it had recorded on the Kifners’ property.
The trial court thereafter issued an order referring the parties to non-binding arbitration. In the arbitration award that was subsequently issued, the Arbitrator found that Landing Group’s “claim of lien is excessive and unjustified and is therefore unenforceable.” The Arbitrator also found that Landing Group was entitled to $30,369 before deducting the setoffs he awarded to the Kifners. The arbitration award rendered a net judgment in favor of Landing Group in the amount of $22,930 and provided that any issue relating to interest, costs and attorneys’ fees would be determined by the judge.
Neither party filed a Motion for Trial de Novo within twenty days following October 3, 2005, the date that the award was served on the parties. On December 20, 2005, the trial court issued an order in which it confirmed the arbitration award, discharged Landing Group’s lien on the Kifners’ property, and retained jurisdiction to consider the Kifners’ motion for an award of attorney’s fees, interest, court costs and entry of final judgment. On about February 14, 2006, the trial court issued a Final Judgment with Instructions to Clerk, in which it said that Landing Group was entitled to recover, “subject to this Court’s further Orders on Attorney’s Fees,” the amount of “$22,930.00, less Plaintiffs Costs of $978.32, for a net Judgment at this time of $21,951.68.” In this order, the court again reserved jurisdiction “for consideration of an award of attorney’s fees and costs to the prevailing party.” (Emphasis omitted).
Subsequently, the trial court found that the Kifners were entitled to $28,090.50 in fees. After setting off from this sum the amount that Landing Group was entitled to recover, the trial court awarded the Kifners a net judgment of $6,138.82. On appeal, Landing Group contends that the award of costs and attorneys’ fees was error because the arbitrator’s award did not specify which party prevailed on each claim.
*1016 In Moser v. Barron Chase Securities, Inc., 783 So.2d 231 (Fla.2001), the plaintiff brought a claim against the defendant, which proceeded through arbitration and then to the circuit court for confirmation of the award.[2] On appeal, the issue was whether “the trial court lacked authority to grant attorney’s fees to Moser for successfully prosecuting her claim in arbitration, because the award did not explicitly specify that she prevailed on her statutory claim.” Id. at 233. In coming to its conclusion that the trial court had a sufficient basis from which to award fees, the court said:
We hold today that where a party brings claims in arbitration based upon several theories, one or more of which provide for the recovery of attorney’s fees, the arbitration award must specify the theory under which the claimant prevailed, or otherwise clearly indicate whether the claimant has 'prevailed on a theory that would permit the trial court to award fees.
Moser, 783 So.2d at 236-37 (emphasis added); see also Kesler v. Chatfield Dean & Co., 794 So.2d 577 (Fla.2001); Kirchner v. Interfirst Capital Corp., 732 So.2d 482 (Fla. 5th DCA 1999) (“Although the arbitrator must indicate that the one seeking attorney’s fees prevailed on a cause of action authorizing fees, this indication may be either direct or indirect.”). Here, although the arbitrator failed to expressly tag the prevailing party on the claims that permit an award of fees, the award clearly indicates that the Kifners were the prevailing party.
Landing Group also claims that the trial court’s award of costs and attorney’s fees was improper because the Kifners failed to move for fees within thirty days of the binding decision. The arbitration award was filed on October 3, 2005, and on December 20, 2005, the trial court issued an order, confirming the arbitration award and discharging Landing Group’s lien on the Kifners’ property. On December 16, 2005, the Kifners filed a Motion to Tax Costs and Attorney Fees. Landing Group contends that the expiration of twenty days after entry of the arbitration award, filed October 3, 2005, started the clock on the thirty-day window for filing a fees motion under Florida Rule of Civil Procedure 1.525. We cannot credit this contention.
Under section 44.103(2), Florida Statutes (2006), a court “may refer any contested civil action filed in a circuit or county court to nonbinding arbitration.” If a request for trial de novo is not made within twenty days, “the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party.” § 44.103(5), Fla. Stat. (2006); Fla. R. Civ. P. 1.820(h).
*1017 Florida Rule of Civil Procedure 1.525 provides that “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.”[3] Fla. R. Civ. P. 1.525 (2006). The traditional test for “determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.” Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983) (citing Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334, 338 (Fla. 1st DCA 1966)); see also Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980)(“The pronouncement of a court may be characterized as final and appeal-able if the judicial labor required or permitted to be done has been accomplished.”).
The Kifners point out that Landing Group never argued below that the arbitration award became the judgment, and that, for this reason, the Kifners’ motion for fees and costs was filed too late. The Kifners also urge that Landing Group’s argument that the award became the final judgment is inconsistent with the statutory language specifying that the trial court had the authority to enter orders and judgments as required to carry out the terms of the arbitrator’s decision.
We agree that under Rule 1.525, the trigger for the thirty-day deadline to file a motion for fees and costs is “the judgment.” The arbitration award is not a judgment, as the trial court still must “enter such orders and judgments as are required to carry out the terms of the decision.” § 44.103(5), Fla. Stat. (2006); Fla. R. Civ. P. 1.820(h).
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.

. The Kifners were not obligated to pay any part of this sum until all work had been completed.

. The facts of Moser suggest that the arbitration in that case was voluntary and binding. Moser, 783 So.2d at 232. For this reason, Florida's Supreme Court interpreted applicable arbitration code provisions in reaching its decision in Moser. Id. at 233-37. Section 682.02 of Florida Statutes indicates that the code only governs voluntary arbitrations. Separate provisions apply to non-binding, court-ordered arbitration. See § 44.103, Fla. Stat. (2006); Fla. R. Civ. P. 1.820.
However, despite this distinction, the cited conclusions of law from Moser apply here. The parties in this case never filed a motion for trial de novo, and so the arbitration decision became final and binding on the parties. Thus, it stands to reason that a trial court ruling on fees and costs in light of an award arising from an arbitration that was voluntary and binding is in the same position as a trial court awarding fees and costs in light of a court-ordered arbitration award that has become final, and thus also binding.

. The 2005 version of Rule 1.525 provided that “[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.” (Emphasis added). This court interpreted the 2005 version of Rule 1.525 to mean that the thirty-day mark established a deadline for serving motions for attorney's fees and costs, and that motions for attorney’s fees and costs filed before the judgment were timely. Martin Daytona Corp. v. Strickland Constr. Servs., 941 So.2d 1220, 1225 (Fla. 5th DCA 2006). In other words, this court interpreted the 2005 version of the rule to have the same meaning as the 2006 version of the rule.