PER CURIAM.
Blade of Orlando, LLC, Patrick Amore, and Stefano Tedeschi ("Appellants") appeal an order affirming as final a 2010 judgment entered in favor of Amelia Delsanter and Anthony Carrino ("Appellees"). Appellants contend that the trial court erred in its determination that the judgment was a final order disposing of all issues in the case. Appellees raise two arguments upon appeal, which we affirm without further discussion.
Appellants argue that the trial court erred in holding that the judgment was a final order. See Landing Grp. of Tampa, Inc. v. Kifner, 951 So.2d 1014, 1017 (Fla. 5th DCA 2007) ("The traditional test for 'determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause ....' "). We agree that the judgment did not address the first count of Appellants' complaint and that several of their affirmative defenses to Appellees' counterclaim were not disproved by the record. "A court cannot grant summary judgment where a defendant asserts legally sufficient affirmative defenses that have not been rebutted." Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 733 (Fla. 1991).
We further note that, following both parties' motions in a 2010 appeal of the judgment, this court relinquished jurisdiction for the trial court to amend the judgment to make it a final order. The trial court never did so. The parties then stipulated that the judgment was not final, and this court dismissed the appeal for lack of jurisdiction.
We therefore reverse the trial court's order finding the judgment to be final and remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, PALMER and TORPY, JJ., concur.