611 So.2d 591 (1993)
LANAHAN LUMBER COMPANY, INC., a Florida Corporation, Appellant,
v.
McDEVITT & STREET COMPANY, a Florida corporation, and The American Insurance Company, a New Jersey corporation, Appellees.
No. 92-0479.
District Court of Appeal of Florida, Fourth District.
January 6, 1993.
*592 Stephen H. Durant and Myra Loughran of Martin, Ade, Birchfield & Mickler, P.A., Jacksonville, for appellant.
Esther E. Galicia and Clinton D. Flagg of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for appellees.
PER CURIAM.
We reverse an order denying Lanahan Lumber's motion for attorney's fees following an arbitration award on breach of contract claims.
At the hearing on the motion, McDevitt argued that it should not be required to pay attorney's fees to Lanahan Lumber as the prevailing party, despite a contract provision which effectively[1] would authorize an award of such fees. McDevitt's basis for opposing the fees was its attorney's contention that the arbitrators must have found Lanahan Lumber to be the prevailing party only because Mr. Lanahan testified that he never read the contract. McDevitt's attorney concluded from this testimony that Lanahan could only have won his claim on the grounds that he repudiated the terms of the contract, and therefore is not entitled to obtain an attorney's fee award under the presumptively repudiated contract.
There is no transcript of the arbitration proceedings, and no evidence in the record before the trial court as to why Lanahan prevailed on the merits in the arbitration other than the contract in evidence, which was itself the only basis for resolving the dispute by arbitration. The speculative arguments of McDevitt's attorney to the trial court constitute the only record basis for concluding that the arbitrators found that McDevitt breached an undefined oral, rather than the written, contract. Factual matters originating in a memorandum of law are "unproven utterances documented only by an attorney [and] are not facts that a trial court or this court can acknowledge." Schneider v. Currey, 584 So.2d 86, 87 (Fla. 2d DCA 1991). Therefore, we reverse and remand the issue of Lanahan's attorney's fees for further proceedings consistent with this opinion. We also note that Lanahan's motion in the trial court to tax costs remains outstanding.
STONE, WARNER, JJ. and ROSS, DALE, Associate Judge, concur.
NOTES
[1] The contract, a purchase order on McDevitt's form, provides that if Lanahan Lumber should fail to execute the work required by the contract diligently and properly, or if Lanahan Lumber failed to perform or observe the promises or conditions of the contract, McDevitt could recover from Lanahan "reasonable costs and attorney's fees suffered or incurred" by McDevitt by reason of, or as a result of, Lanahan's default. Lanahan's claim for fees under the contract is based on section 57.105(2), Florida Statutes, which provides:

If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
The intent of § 57.105(2) is to provide mutuality of attorney's fees as a remedy in contract cases. County Waste, Inc. v. Public Storage Management, Inc., 582 So.2d 87 (Fla. 3d DCA 1991).