HARRIS, Judge.
Appellant, Central Florida Investments, Inc. (CFI) hired Appellee, Fishkind and Associates, Inc. (Fishkind) to perform certain professional services and was to pay Fish-kind a flat fee of $10,000 for services categorized in the parties’ contract as Tasks 1 through 4. A fifth task was to include “full trial support and testimony as requested” and was to be charged based upon hours and expenses.
CFI paid Fishkind $10,000. However, Fishkind submitted invoices totalling an additional $16,289.32 for work that it claimed was extra and not encompassed in Tasks 1 through 4.[1] CFI refused to pay for the additional services claiming that such services fell within Tasks 1 through 4 for which Fishkind had been paid.
Fishkind filed a four-count complaint alleging claims for (1) account stated, (2) services sold, (3) quantum meruit, and (4) breach of contract. Each count contained a request for attorney’s fees. Fishkind did not attach a copy of the parties’ written contract to the complaint but did allege that the parties entered into an agreement. CFI filed a motion to dismiss the complaint or alternatively to stay the proceedings and compel arbitration based on the following provision contained in the contract:
Both sides will agree that in the event of a dispute which we can not resolve, we will submit the problem to a mutually agreeable arbitrator in Orlando, Florida (R. 19).
CFI attached a copy of the parties’ contract urging that the contract provision requiring arbitration was valid and enforceable and required that the matter be submitted to arbitration. The trial court agreed and entered an order staying the action and compelling arbitration.
The ease proceeded to arbitration before Judge Ernest Aulls, who signed an amended arbitration order awarding Fishkind $3,600 “on its claims against” CFI and $600.62 in interest for a total award of $4,200.62. Thereafter, Fishkind filed its motion to confirm the arbitration award and its motion for attorney’s fees. CFI responded by filing its motion for attorney’s fees.
At the hearing on the motions for attorney’s fees, CFI argued that FishMnd’s award was based on its quantum meruit claim and therefore was not covered by the contract. CFI’s counsel went on to state that there was no foundation for a claim of attorney’s fees because the arbitrator made no finding that either party breached the contract. At the conclusion of the hearing, the trial court stated:
[T]his [is a] pretty esoteric question here as to whether the Plaintiff really prevailed and was it a quantum meruit ease or a breach of contract case, and if so, is it some fatal error because Judge Aulls didn’t say there was a breach of contract. *382 I agree with Mr. Marks that it’s inherent in his decision. Since breach of contract was throughout the situation, obviously, Judge Aulls had to address that. Therefore, I think that the Plaintiff is the prevailing party and attorneys’ fees will be awarded at a subsequent hearing.
The court entered its final judgment confirming the arbitration award and granted Fishkind’s motion for attorney’s fees while denying attorney’s fees for CFI. The court reserved jurisdiction to determine the amount of attorney’s fees and costs. CFI appeals.[2]
CFI contends that Fishkind was not entitled to attorney’s fees because it was not shown to be the prevailing party under the contract. As support for this position, CFI maintains that the arbitrator never determined that CFI breached an agreement with Fishkind which contained an attorney’s fees provision. Therefore, CFI urges, the trial court’s fee award was founded on mere speculation that the arbitration award was based on breach of contract rather than quantum meruit, despite the fact that both counts were submitted to arbitration. CFI further maintains that Fishkind’s recovery as compared to its demand was so small that CFI actually “prevailed” rather than Fishkind.
While we agree with CFI that it is impossible from the arbitration award for the trial court to determine the basis for Fishkind’s recovery, we nevertheless find that the record supports the finding that Fishkind was, in fact, the prevailing party. On this basis, we affirm the denial of attorney’s fees for CFI.
Concerning the arbitrator’s failure to announce the basis for the award, the Fourth District faced a similar issue in Lanahan Lumber Co., Inc. v. McDevitt & Street Co., 611 So.2d 591 (Fla. 4th DCA 1993). In La-nahan, the plaintiff prevailed in arbitration and moved for an award of attorney’s fees pursuant to a “prevailing party” clause contained in the relevant contract. Defense counsel convinced the trial court that the arbitrators found for the plaintiff on the basis of some undefined oral understanding rather than the written contract in evidence. Therefore, the trial court ruled that the plaintiff was not entitled to obtain a fee award authorized by the written, but not the oral, agreement.
In reversing the trial court’s denial of the plaintiffs fees, the Lanahan court stated:
There is no transcript of the arbitration proceedings, and no evidence in the record before the trial court as to why [the plaintiff] prevailed on the merits in the arbitration other than the contract in evidence, which was itself the only basis for resolving the dispute by arbitration. The speculative arguments of [defendant’s] attorney to the trial court constitute the only record basis for concluding that the arbitrators found that [defendant] breached an undefined oral, rather than the written contract. ' Factual matters originating in a memorandum of law are “unproven utterances documented only by an attorney [and] are not facts that a trial court or this court can acknowledge.” Schneider v. Currey, 584 So.2d 86, 87 (Fla. 2d DCA 1991).
The court remanded for proceedings consistent with its opinion. By striking defendant’s speculative argument, the Lanahan trial court, relying only on the record, was compelled to find that the award was based on the written agreement.
In our case, the record is insufficient for the trial court to reach a conclusion as to the basis for the award. It seems to us that the appropriate remedy is to reverse and remand to the trial court with instructions for it, in turn, to remand the matter back to the arbitrator for an explanation of his basis for the recovery.
REVERSED and REMANDED for further action consistent with this opinion.
PETERSON, C.J., and COBB, J., concur.

. It is not clear, however, that Fishkind ever maintained that the work fell within Task 5.

. Because CFI also appeals the denial of its motion for attorney's fees, we have jurisdiction. Adlow, Inc. v. Mauda, Inc., 632 So.2d 714 (Fla. 5th DCA 1994).