745 So.2d 965 (1999)
BARRON CHASE SECURITIES, INC., Appellant,
v.
Kathryn B. MOSER, individually and as trustee of the Kathryn B. Moser Revocable Living Trust, Appellee.
No. 98-04009.
District Court of Appeal of Florida, Second District.
July 21, 1999.
Rehearing Denied September 9, 1999.
*966 Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellant.
Richard R. Logsdon, Clearwater, and Allan J. Fedor, Largo, for Appellee.
STRINGER, Judge.
Appellant, Barron Chase Securities, Inc., (Barron) challenges a final judgment confirming an arbitration award and awarding attorney's fees. We reverse.
Appellee, Kathryn Moser, asserted multiple claims for damages against Barron before a National Association of Security Dealers arbitration panel. Her claims were based on several common law theories of recovery which would not support her entitlement to attorney's fees, as well as a statutory claim under section 517.301, Florida Statutes (1997), which would support recovery of attorney's fees by the prevailing party. Moser recovered approximately $82,000.00 and therefore, prevailed on one or more of these claims. While Moser expressly asked the arbitrators to specify the basis for any damages awarded, they failed to do so.
Moser subsequently filed motions in the circuit court seeking to confirm the arbitration award and to recover attorney's fees. Both motions were granted. The final judgment confirming the arbitrator's decision also awarded Moser $60,394.25 in attorney's fees and $189.50 in costs with interest accruing on the fee award retroactive to the date of the arbitration award. On appeal Barron argues that: 1) because the award did not specify whether Moser prevailed on the common law claims or on the statutory claim, the trial court did not have a basis upon which to award attorney's fees; 2) the trial court erred in granting interest on the award retroactive to the date of the arbitration award; and, *967 3) the court erred in awarding Moser attorney's fees incurred in litigating the amount of fees before the circuit court. We agree on all points.
We have pointed out that when arbitrators are presented with several theories, one or more of which permit an award of attorney's fees, the arbitrators are certainly authorized to inform the parties whether the award is based upon a theory that will entitle the claimant to fees in a subsequent court proceeding. See, e.g., Pharmacy Management Serv., Inc. v. Perschon, 622 So.2d 75 (Fla. 2d DCA 1993); Raymond, James & Assoc., Inc. v. Wieneke, 591 So.2d 956 (Fla. 2d DCA 1991). However, rather than merely specifying the basis of their award, arbitrators have resorted to other methods of "signaling" whether the claimant prevailed on a theory which provides for attorney's fees. See id. at 957 (where arbitrators stated that they "determined to make an award in favor of the claimants and against [Raymond James] for attorney's fees"). Such language was held sufficient to authorize an award of attorney's fees. A like result was had where the arbitration panel stated that the claimant should recover attorney's fees in an amount to be determined by the circuit court. See Josephthal Lyon & Ross, Inc. v. Durham, 734 So.2d 487 (Fla. 5th DCA 1999). Courts indulge this practice despite the well-settled rule that arbitrators do not have jurisdiction to determine even entitlement to arbitration attorney's fees. See Turnberry Assoc. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995); Fewox v. McMerit Const. Co., 556 So.2d 419 (Fla. 2d DCA 1989).
Litigants submit their disputes to arbitration in anticipation that those disputes will be disposed of quickly and inexpensively. However, because of the "two-tiered system" as it relates to fee awards, litigation is often as protracted as if the dispute were submitted to the court system in the first instance.
Florida's arbitration code provides that:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. (emphasis provided).
§ 682.11, Fla. Stat. (1997). We have suggested that attorney's fees were eliminated from the subject matter jurisdiction of arbitration because the legislature was of the opinion that arbitrators have limited ability to decide the issue of attorney's fees. See Fewox, 556 So.2d 419. However, the legislature's seeming reservation regarding the ability of arbitrators to decide issues of attorney's fees is not shared by the supreme court. See Turnberry Associates, 651 So.2d 1173 (parties by agreement may confer subject matter jurisdiction upon arbitrators to award attorney's fees). In those cases where the parties do not have such an agreement, they must submit to the bifurcated process of having the circuit court determine the issue of attorney's fees, thus minimizing the benefits of arbitration. Commentators have recognized the problems caused by this two-tiered system.
The current status of the law as to many issues in arbitration, and in particular, entitlement to attorneys' fees for arbitration, causes unwanted and unnecessary litigation to creep into the arbitration process. Such result runs counter to the expectations of arbitration participants who believe that they had avoided becoming embroiled in the litigation process by agreeing to arbitration. Requiring a two-tiered system to determine entitlement and amount of attorneys' fees incurred in arbitration is not only detrimental to parties involved in arbitration but is also without a logical foundation.
It is submitted that most arbitrators today are experienced attorneys and business people and are, therefore, as *968 equally able to determine reasonable attorneys' fees as are judges. Furthermore, having been involved with the arbitration process from the beginning and having heard all the evidence, arbitrators are in the best position to determine entitlement to and amount of attorneys' fees. In contrast, a trial court has to determine entitlement to and amount of fees on far less knowledge of the facts of the case than that possessed by the arbitrators and will have to rely heavily on the attorneys' perception of the arbitration. Alternatively, the trial court would have to have an extensive and expensive evidentiary trial on attorneys' fees.
Frank Nussbaum, Arbitration and Attorney Fees Issues: An Attorney's and Arbitrator's Viewpoint, 72 Fla. B.J. 70, at 75 (1998) (footnote omitted); see also Hala A. Sandridge, Recovering Attorney Fees Incurred in Arbitration: The Unworkable Two-Tiered System, 63 Fla. B.J. 80 (1994). As Sandridge suggests, perhaps section 682.11 should be revised to allow arbitrators to decide entitlement to and the amount of arbitration attorney's fees, thereby eliminating the need for a bifurcated process.
Barron further argues that the trial court erred in granting interest on the attorney's fee award retroactive to the date of the arbitration award. We agree. Interest on an attorney's fee award begins to accrue from the date entitlement to the fee is determined. See Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996). Absent an agreement between the parties, the circuit court, and not the arbitration panel, has jurisdiction to determine entitlement to attorney's fees. See Turnberry, 651 So.2d 1173. Accordingly, the trial court erred in granting interest retroactive to the date of the arbitration award.
Lastly, Barron argues that the trial court erred in awarding Moser attorney's fees that were incurred in litigating the issue of the amount of fees. Again, we agree that this was error. Attorney's fees may be awarded for litigating the issue of entitlement to fees, but not for time expended litigating the amount of fees. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993); National Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998).
For these reasons, we reverse the final judgment awarding attorney's fees and pre-award interest. That portion of the award which confirms the arbitrator's decision is affirmed.
PARKER, A.C.J., and CASANUEVA, J., Concur.