749 So.2d 542 (2000)
CHATFIELD DEAN & CO., INC., Appellant,
v.
David B. KESLER and The Offices of David B. Kesler, P.A., Appellees.
No. 98-04819.
District Court of Appeal of Florida, Second District.
January 5, 2000.
John R. Ellis, Tallahassee, for Appellant.
Richard R. Logsdon, Clearwater, and Allan J. Fedor, Largo, for Appellees.
SALCINES, Judge.
Chatfield Dean & Co., Inc. (Chatfield Dean), a brokerage firm, appeals the trial court's final judgment confirming an arbitration award and granting attorney's and experts' witness fees to David B. Kesler and the Law Offices of David B. Kesler, P.A. (cumulatively referred to as Kesler). We reverse the final judgment to the extent that it granted attorney's and experts' witness fees to Kesler.
*543 In 1991, Kesler became a Chatfield Dean customer. Disputes arose regarding certain stock trades which led the parties to arbitration. On March 5, 1996, Kesler obtained an arbitration award in the amount of $3,836, plus costs. Kesler had asserted both statutory and common law grounds for recovery; however, the arbitration award failed to state the grounds upon which it was based. Further, the award rendered by the arbitration panel contained a provision expressly rejecting Kesler's request for attorney's fees.
Kesler did not seek a clarification of the award.[1] Instead, eleven months later, on March 3, 1997, Kesler filed a petition with the trial court seeking to confirm the arbitration award and to procure attorney's fees. After denying Chatfield Dean's motion to dismiss the Kesler petition, the trial court confirmed the award and granted $74,920[2] in fees.
Chatfield Dean has presented several points on appeal but one dispositive issue mandates reversal. The trial court did not have a basis upon which to grant attorney's fees because the arbitration award did not specify the theory upon which Kesler had prevailed. See Barron Chase Sec., Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999). For this reason, we reverse the portions of the final judgment awarding attorney's and experts' fees but affirm the portion confirming the arbitration award.
Reversed in part; affirmed in part.
WHATLEY, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] It is arguable that Kesler's failure to timely seek relief to either vacate or modify the arbitration award foreclosed the petition for attorney's fees in this case. See Sachs v. Dean Witter Reynolds, Inc., 584 So.2d 211 (Fla. 3d DCA 1991). We decline to address that point in light of the dispositive issue on which this case turns.
[2] This amount included both the attorney's fees incurred in obtaining the arbitration award and the experts' fees incurred in obtaining the attorney's fee award.