787 So.2d 881 (2001)
NationsBANC SECURITIES, INC., Appellant,
v.
Lothar ARON and Lotte Aron, Appellees.
No. 2D00-1652.
District Court of Appeal of Florida, Second District.
February 28, 2001.
Glenn D. Kelley of Kelley & Warren, P.A., West Palm Beach, for Appellant.
Allan J. Fedor of Fedor & Fedor, Largo, for Appellees.
CASANUEVA, Judge.
NationsBanc Securities, Inc. appeals from an order requiring it to pay the attorney's fees of Mr. and Mrs. Aron incurred during arbitration. We conclude that the Arons' petition for the award was time barred and reverse.
In June 1995 the Arons filed a claim against NationsBanc with the National Association of Securities Dealers (NASD). They based their claim of improper handling of their securities account on both common law and statutory grounds. Only the statutorily based claim could provide the legal authority for an award of attorney's fees to the Arons. See Barron Chase Securities, Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999), review granted, 761 So.2d 330 (Fla.2000).
On April 8, 1996, the NASD panel of arbitrators found for the Arons without specifying whether they prevailed upon their common law or statutory claims and rendered an award of $20,000 in compensatory damages, plus costs and expenses. The arbitration panel denied the Arons' *882 claims for punitive damages and attorney's fees. Shortly thereafter, NationsBanc paid the award in full.
Approximately eleven months later, on March 19, 1997, the Arons petitioned the circuit court to confirm the arbitration award under section 682.12, Florida Statutes (1995),[1] and to grant them attorney's fees. For reasons not pertinent here, the Arons took no further action on this petition and, on October 12, 1998, the circuit court dismissed the petition without prejudice for failure to prosecute. The Arons filed a second petition seeking the same relief two days later. Contending the petition for attorney's fees was not timely, NationsBanc sought to dismiss the petition. The circuit court denied dismissal.
In June 1999, the trial court found that the Arons were entitled to attorney's fees against NationsBanc pursuant to section 517.211(6), Florida Statutes (1995). The next month, we issued our opinion in Moser in which we held that where an arbitration award fails to specify whether the prevailing party prevailed on common law claims or on statutory claims, the circuit court does not have a basis upon which to award attorney's fees.
Moser galvanized both parties into action. NationsBanc filed a motion asking the trial court to reconsider, in light of Moser, its earlier finding of entitlement; the Arons requested the circuit court to remand the cause to the NASD panel for clarification pursuant to section 682.10, Florida Statutes (1995), to clarify whether the panel had found liability based upon the statutory or common law claim. In response to the Arons' motion, NationsBanc contended that Moser barred any award of attorney's fees and renewed its argument that the Arons' request for clarification and for fees was untimely. The circuit court denied NationsBanc's request for reconsideration, granted the Arons' motion, and remanded the matter to the arbitrators for clarification.
On November 1, 1999, the arbitrators entered the amended award. They deleted their prior finding that the Arons were not entitled to attorney's fees and, in its place, referred the issue of attorney's fees to a court of competent jurisdiction. They further retooled their order and found that NationsBanc had violated both the common law and section 517.301. Thereafter, the trial court conducted a hearing on the amount of attorney's fees and in its final order awarded the Arons $64,750 in attorney's fees with prejudgment interest of 10% retroactive to April 8, 1996, the date of the original arbitration award.[2] NationsBanc timely appealed, raising four issues. We address only the timeliness issue as we find it dispositive of the case.
The Florida Arbitration Code, chapter 682, Florida Statutes (1995), establishes the pertinent time rules to be applied in this matter. Section 682.12 authorizes a court to confirm an arbitration award upon application by a party but does not specify a time limit within which to seek such confirmation. However, when grounds are asserted to vacate, modify, or correct the award, the statute directs *883 that the time limits set forth in sections 682.13 or 682.14 must be followed.[3] The Arons contend that inasmuch as they sought to confirm their award under section 682.12, not to modify, correct, or vacate it under either section 682.13 or section 682.14, and the relevant section is silent as to a time period requirement within which to confirm an award, the general, catch-all four-year statute of limitation period is, therefore, the operable period by which their request must be measured. We cannot agree. Clearly, if the only relief sought by the Arons was to confirm the original arbitration award as written, their position would be meritorious. However, the Arons sought to confirm, not the original award, which NationsBanc had already paid them, but an altered or reformed version, with the necessary basis stated to ground an attorney's fee award. Unfortunately, their request to alter the original award was untimely, regardless of whether they labeled it a motion to confirm the award, or to clarify it under section 682.10.
Section 682.10 provides:
682.10 Change of award by arbitrators or umpire.
On application of a party to the arbitration, or if an application to the court is pending under s. 682.12, s. 682.13 or s. 682.14, on submission to the arbitrators, or to the umpire in the case of an umpire's award, by the court under such conditions as the court may order, the arbitrators or umpire may modify or correct the award upon the grounds stated in s. 682.14(1)(a) and (c) or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the other party to the arbitration, stating that he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to the provisions of ss. 682.12-682.14.
A party to an arbitration proceeding who wishes to enforce an award, but not exactly how it is written, may seek either *884 modification or clarification from the panel.[4] In the former instance, section 682.14 sets the time limit at ninety days. In the latter instance, section 682.10 sets it at twenty days after delivery of the award to the applicant. The Arons were proceeding under section 682.10 and, thus, did not make a timely application. They would have us read sections 682.12 and 682.10 in conjunction to mean that an application to confirm an award, made years later, would allow them twenty additional days to seek clarification. That interpretation, however, not only contradicts the statutory language but also defeats the purpose of the arbitration code.
Arbitration is a favored means of resolving disputes in Florida. See Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla. 1988). Just as in a court case, there is a need for finality of an arbitration award. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). Litigants submit their disputes to arbitration in hope of a quick and inexpensive disposition. See Moser, 745 So.2d at 967. The interpretation the Arons advocate would permit revision of an arbitration award in the guise of confirmation proceedings years after the arbitration proceedings have been completed and long after the parties have relied on the outcome. The legislature's language in these sections, especially when read together, clearly places time limits upon parties seeking to change or alter an arbitration award. Reconsideration must be sought within twenty or ninety days, when the matter is fresh in the panel's mind, when it will take less time to resolve, and when resolution should be less costly. These results are consistent with the legislative scheme that encourages prompt and final resolution of disputes. For these reasons, we decline to adopt the interpretation suggested by the Arons. Cf. Chatfield Dean & Co., Inc. v. Kesler, 749 So.2d 542 (Fla. 2d DCA), review granted, 767 So.2d 458 (Fla.2000)
Reversed with instructions to strike the award of attorney's fees.
BLUE, A.C.J., and GREEN, J., concur.
NOTES
[1] Section 682.12, Florida Statutes (1995), provides:

Confirmation of an award.
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14.
[2] Under Barron Chase Securities, Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999), review granted, 761 So.2d 330 (Fla.2000), this calculation of prejudgment interest is clearly error but the issue is mooted by our disposition on the threshold issue of the timeliness of the petition for fees.
[3] Section 682.13 provides:

Vacating an award.
. . . .
(2) An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.
No one contends in this case that the award should be vacated on the grounds of corruption, fraud, or undue means.
Section 682.14 is the other statutory section mentioned in section 682.12, the section for confirming an award and under which the Arons were attempting to place themselves. Section 682.14 provides:
Modification or correction of award.
(1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him and the award may be corrected without affecting the merits of the decision upon the issues submitted.
(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.
(2) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.
(3) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.
It is undisputed that the Arons took no action whatsoever in the 90-day period following the receipt of their award to either modify or correct it under section 682.14.
[4] Because the dispositive issue in this case is the timeliness of the Arons' motion under the circumstances presented here, we make no comment on whether Moser forecloses a party from seeking clarification from the arbitration panel under section 682.10 in a timely motion to state the basis upon which a party prevailed, so that an award of attorney's fees may or may not be authorized.