794 So.2d 577 (2001)
David B. KESLER, etc., et al., Petitioners,
v.
CHATFIELD DEAN & CO., Respondent.
No. SC00-259.
Supreme Court of Florida.
June 21, 2001.
Rehearing Denied September 6, 2001.
Allan J. Fedor and Franell Fedor of Fedor & Fedor, Largo, FL; and Richard R. Logsdon, Clearwater, FL, for Petitioner.
*578 John R. Ellis of Rutledge, Ecenia, Purnell & Hoffman, P.A., Tallahassee, FL, for Respondent.
ANSTEAD, J.
A petition for jurisdiction was filed to review the decision in Chatfield Dean & Co. v. Kesler, 749 So.2d 542 (Fla. 2d DCA 2000), alleging conflict with Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995), and Charbonneau v. Morse Operations, Inc., 727 So.2d 1017 (Fla. 4th DCA 1999). Though there was no conflict between Chatfield Dean and the two cases, we granted review pursuant to Jollie v. State, 405 So.2d 418 (Fla.1981), as this Court was at the time in the process of determining the identical issue in its review of the case of Barron Chase Securities, Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999).
The sole issue resolved below was whether the trial court had the authority to determine the entitlement to attorneys' fees relating and subsequent to arbitration proceedings in which the claimant asserted both common law claims, which would not support entitlement to attorneys' fees, and statutory claims, which would. Specifically, to what extent could the trial court address the entitlement issue where the arbitration award failed to indicate the basis of such award (i.e., common law or statutory)? The Second District found that the trial court lacked the authority as it held "[t]he trial court did not have a basis upon which to grant attorney's fees because the arbitration award did not specify the theory upon which Kesler had prevailed." Chatfield Dean, 749 So.2d at 543.[1]
In our recently issued opinion reviewing the Second District's Moser decision, however, we held otherwise and stated the following:
We hold today that where a party brings claims in arbitration based upon several theories, one or more of which provide for the recovery of attorney's fees, the arbitration award must specify the theory under which the claimant prevailed, or otherwise clearly indicate whether the claimant has prevailed on a theory that would permit the trial court to award fees. In the event that the award fails to reflect such a finding, the circuit court may remand the matter to the arbitration panel for the purpose of resolving the issue. Thereafter, the circuit court may determine the fee issue in accord with the finding of the arbitrators.
... We conclude that to the extent that knowledge of the basis of an award is necessary for the subsequent determination of an entitlement to attorney's fees, an award without a basis is per se inadequate and subject to correction by the trial court.
Moser v. Barron Chase Securities, Inc., 783 So.2d 231, 236-37 (Fla.2001).
Accordingly, we quash the decision of the Second District to the extent it is inconsistent with our ruling in Moser, and remand this case to the district court for further proceedings in this cause consistent with our ruling in Moser.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In support of this holding, the Second District relied on its Moser opinion, which, as previously stated, was pending our review.