818 So.2d 572 (2002)
CHATFIELD DEAN & CO., INC., Appellant,
v.
David B. KESLER and The Offices of David B. Kesler, P.A., Appellees.
No. 2D98-4819.
District Court of Appeal of Florida, Second District.
March 15, 2002.
Rehearing Denied June 19, 2002.
John R. Ellis, Tallahassee, for Appellant.
Richard R. Logsdon, Clearwater, and Allan J. Fedor, Largo, for Appellees.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
PER CURIAM.
This case is before us on remand from the Supreme Court of Florida. Kesler v. Chatfield Dean & Co., 794 So.2d 577 (Fla. 2001) (Chatfield Dean II).
In this court's earlier decision, we determined that Kesler was not entitled to attorney's *573 fees arising out of an arbitration proceeding. Chatfield Dean & Co. v. Kesler, 749 So.2d 542 (Fla. 2d DCA 2000) (Chatfield Dean I). We did so in reliance upon this court's decision in Barron Chase Securities, Inc. v. Moser, 745 So.2d 965 (Fla. 2d DCA 1999) (Moser I). The supreme court subsequently quashed the Moser I decision. Moser v. Barron Chase Sec., Inc., 783 So.2d 231 (Fla.2001) (Moser II). In turn, the supreme court likewise quashed and remanded this court's Chatfield Dean I decision "to the extent it is inconsistent with our ruling in Moser." Chatfield Dean II, 794 So.2d at 578.
In Moser II, the supreme court established that "to the extent that knowledge of the basis of an award is necessary for the subsequent determination of an entitlement to attorney's fees, an award without a basis is per se inadequate and subject to correction by the trial court." 783 So.2d at 237. The supreme court, in Moser II, was not presented with an issue concerning the time limits for seeking such a correction as had been raised, but not ruled upon, in the present case. Chatfield Dean I, 749 So.2d at 543 n. 1.
While Moser I and Chatfield Dean I were pending before the supreme court, this court rendered a decision addressing the propriety of a fee award in circumstances much like those of the present case, and found that it was time barred. NationsBanc Sec., Inc. v. Aron, 787 So.2d 881 (Fla. 2d DCA 2001), review denied, 791 So.2d 1094 (Fla.2001) (Table). In so doing, this court stated:
A party to an arbitration proceeding who wishes to enforce an award, but not exactly how it is written, may seek either modification or clarification from the panel. In the former instance, section 682.14 [Florida Statutes (1995) ] sets the time limit at ninety days. In the latter instance, section 682.10 [Florida Statutes (1995) ] sets it at twenty days after delivery of the award to the applicant.
Aron, 787 So.2d at 883-84 (footnote omitted). Thus, while an arbitration award which does not adequately indicate the basis upon which a party prevailed is subject to correction under Moser II, 783 So.2d 231, those corrections must comply with the statutorily mandated time constraints explained in Aron, 787 So.2d 881.
In the present case, the record reveals that counsel for Kesler received the arbitration award on March 6, 1996, and petitioned for confirmation of the arbitration award and for attorney's fees almost one year later, on March 3, 1997. The arbitration award submitted for confirmation contained a provision expressly denying attorney's fees and otherwise did not indicate whether Kesler had prevailed upon a statutory theory which would have supported an attorney's fee award. Thus, before the circuit court could have properly considered entitlement to attorney's fees during the confirmation proceeding, the arbitration award itself required correction or clarification. Kesler made neither a timely motion to modify or correct the arbitration award pursuant to section 682.14, Florida Statutes (1995), nor a timely application to the circuit court to seek a clarification pursuant to section 682.10, Florida Statutes (1995). Because the arbitration award was not timely revised, Kesler could not thereafter seek attorney's fees. See Aron, 787 So.2d at 883. Accordingly, we reverse the portion of the final judgment awarding attorney's fees.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY, NORTHCUTT, and SALCINES, JJ., Concur.