865 So.2d 601 (2004)
A-1 DURAN ROOFING, INC., a Florida Corporation, Appellant,
v.
SELECT CONTRACTING, INC., a Florida Corporation, and Great American Insurance Companies, a foreign Corporation, Appellees.
No. 4D02-2176.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
Rehearing Denied March 2, 2004.
*602 Steven M. Rosen of the Law Offices of Steven M. Rosen, Miami, for appellant.
Richard B. Warren of Kelley & Warren, P.A., West Palm Beach, for appellee Select Contracting, Inc.
Christopher T. McRae and David J. Metcalf of McRae & Metcalf, P.A., Tallahassee, for appellee Great American Insurance Companies.
STEVENSON, J.
A-1 Duran Roofing, Inc. (Duran) appeals the trial court's order finding that it was not entitled to attorney's fees following confirmation of an arbitration award. Because the arbitration award did not state the theory on which it was predicated so as to permit the trial court to determine whether Duran prevailed on the significant issues in the litigation and Duran failed to timely seek modification or clarification of the award under Florida Statutes chapter 682, we affirm.
Select Contracting, Inc. (Select), as general contractor, entered into a contract with Palm Beach County, as owner, for additions and renovations to the medical examiners facility located on Gun Club Road. Great American Insurance Companies provided the bond for the project, naming Select as principal and Palm Beach County as obligee. Later, Select subcontracted with Duran to perform roofing work on the project.
Duran subsequently filed a complaint against Select and Great American (appellees), alleging that it was not paid $46,450.00 for labor and materials provided for the project. The subcontract provides that any controversy between Select and Duran would be settled by arbitration and the prevailing party would be entitled to attorney's fees. Neither the arbitration provision nor the attorney's fee provision of the subcontract gave the arbitrator the authority to decide the issue of attorney's fees.
The parties attended arbitration as required by the subcontract, which resulted in an award to Duran for the total sum of $41,456.00. However, the award also credited appellees $5,000. Believing themselves to have prevailed at arbitration, appellees filed a motion for clarification, requesting that the arbitrator determine which party prevailed on the significant *603 issues in the case for purposes of entitlement to attorney's fees. Duran moved to strike and dismiss the motion, arguing that the parties had not entered into any agreement or voluntarily submitted any issue as to attorney's fees to arbitration. The arbitrator subsequently issued a clarification award, stating that the issue of attorney's fees was never placed before it, but, for purposes of the arbitration, there was no prevailing party.
Thereafter, Duran filed a complaint seeking to confirm and enforce the arbitration award and requesting an award of attorney's fees. Appellees filed an answer, alleging as an affirmative defense that Duran was not the prevailing party at arbitration as the arbitrator found that neither party was the prevailing party for purposes of attorney's fees. Nevertheless, appellees filed a counterclaim stating that they should be awarded attorney's fees because they were the prevailing parties on the significant issues during arbitration.
At the hearing on the motion for attorney's fees, appellees argued that while the arbitrator may not have the authority to determine the amount of attorney's fees, "the issue of entitlement, that is, who is the prevailing party," is within the province of the arbitrator since the arbitrator heard all the evidence. Adopting this argument, the trial court found that the arbitrator had the authority to determine entitlement to attorney's fees even where the issue was not submitted by the parties and, since the arbitrator found that neither party was the prevailing party, neither party would be awarded fees. The trial court stated:
[A]lthough an arbitrator doesn't have authority ... to award fees under the procedure, expressly waives the right to have the Court decide the issues, award does not entail entitlement (sic).
As you know, attorneys' fees are a two-step process. The first process is entitlement and the second process is an amount, a determination of the amount. The arbitrator, who is in a far better position than I am to determine entitlement, did so in determining that there was no prevailing party.
In sanctioning the arbitrator's determination of "entitlement" to attorney's fees in the absence of the express agreement of the parties, the trial court was in error. Although, as will be discussed, this aspect of the ruling does not control the outcome in this appeal, we address the issue because of its significance. Florida courts have noted that "there has been substantial confusion as to the procedure and appropriate forum for recovering attorney's fees incident to arbitration proceedings," Moser v. Barron Chase Sec., Inc., 783 So.2d 231, 233 (Fla.2001), and that the law in this area has followed a "tortuous path." Terrell v. AmSouth Inv. Servs., Inc., 217 F.Supp.2d 1233, 1237 (M.D.Fla.2002). Florida Statutes section 682.11 provides:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
§ 682.11, Fla. Stat. (2000)(emphasis added). This provision has been construed to vest jurisdiction for the award of attorney's fees in the circuit court. See Terrell, 217 F.Supp.2d at 1238.
The Florida Supreme Court has reasoned that since arbitration is a voluntary alternative method for the resolution of disputes, which is strongly favored, there is no reason why the parties may not also voluntarily agree to waive the statutory limitation set forth in section 682.11 and *604 allow the collateral issue of attorney's fees to be decided in the same forum as the main dispute. See Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995). In determining an arbitrator's authority to determine attorney's fees, Florida courts have made no distinction between entitlement and amount. Neither entitlement to attorney's fees, nor amount, are issues that the arbitrator may decide without the agreement of the parties. See, e.g., Charbonneau v. Morse Operations, Inc., 727 So.2d 1017 (Fla. 4th DCA 1999); D.H. Blair & Co. v. Johnson, 697 So.2d 912 (Fla. 4th DCA 1997).
The difference between the arbitrator's duty to identify and resolve the legal and factual issues upon which the determination of attorney's fees will be based and the court's duty to ultimately determine which party is "entitled" to attorney's fees is subtle, but significant. As the court explained in Moser:
We hold today that where a party brings claims in arbitration based upon several theories, one or more of which provide for the recovery of attorney's fees, the arbitration award must specify the theory under which the claimant prevailed, or otherwise clearly indicate whether the claimant has prevailed on a theory that would permit the trial court to award fees....
... We conclude that to the extent that knowledge of the basis of an award is necessary for the subsequent determination of an entitlement to attorney's fees, an award without a basis is per se inadequate and subject to correction by the trial court.
783 So.2d at 236-37 (emphasis added). See also Kesler v. Chatfield Dean & Co., 794 So.2d 577 (Fla.2001).
We do not interpret Moser's holding to mean that the arbitrator is required to determine entitlement to fees where the parties have not submitted the issue to arbitration. Instead, the arbitrator is merely required to state the basis upon which the award is made to assist the trial court in later determining entitlement. Where the arbitrator fails to state the basis for the award, or the record is insufficient to determine the basis upon which the party prevailed on the merits, the proper procedure for the trial court to follow is to remand the matter back to the arbitrator for an explanation of the basis for the recovery. See Cent. Fla. Invs., Inc. v. Fishkind & Assocs., Inc., 660 So.2d 380, 382 (Fla. 5th DCA 1995)(citing Lanahan Lumber Co. v. McDevitt & Street Co., 611 So.2d 591 (Fla. 4th DCA 1993)).
Though Moser makes clear that an award that fails to indicate the theory upon which the party prevailed is per se inadequate and subject to remand for correction, chapter 682 establishes pertinent time rules applicable when seeking correction. See Chatfield Dean & Co. v. Kesler, 818 So.2d 572 (Fla. 2d DCA 2002). An arbitrator may modify, correct, or clarify an award on application made within twenty days after its delivery. See § 682.10, Fla. Stat. (2000). The award so modified, corrected, or clarified is subject to the statutory provisions governing confirmation under section 682.12. See § 682.12, Fla. Stat. (2000). A party may make application to the trial court to vacate, modify or correct an award within ninety days after delivery. See §§ 682.13-.14. Thus, a party desiring changes to the arbitration award is required to seek timely modification or clarification from either the arbitrator, pursuant to section 682.10, or the court, pursuant to sections 682.13 or 682.14; otherwise, the award becomes ripe for confirmation. See Lopez & Roque Tile Co. v. Clearwater Dev. Corp., 291 So.2d 126 (Fla. 2d DCA 1974).
In the instant case, the arbitrator failed to state the basis upon which the award *605 was granted. Appellees moved to have the arbitrator clarify the award under section 682.10 to state which party prevailed for purposes of attorney's fees. The modified or corrected order was issued, but still failed to state the theory upon which attorney's fees could be permitted. Duran thereafter moved for confirmation of the award, which was required by the trial court under section 682.12, unless a ground for modification or clarification was sought under section 682.14. Because Duran failed to timely move for modification or clarification, and the time to do so has passed, we must affirm the trial court's denial of fees. As the trial court correctly stated at the conclusion of the hearing:
The arbitrator ruled ... that there was no prevailing party. Neither party moved to vacate or modify that particular award. You must now live with it, like it or not.
Finally, Duran misplaces reliance on Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908, 910 (Fla.1982), where the supreme court found that the time limitations under Florida's arbitration code for seeking modification of an arbitration award are applicable only to issues submitted to an arbitration panel. Here, while the issue of attorney's fees was not an issue submitted to arbitration and, thus, not subject to the arbitration code's time constraints, the theory upon which fees would be permitted was an issue for arbitration. The failure to timely seek the basis upon which the award was granted is fatal to Duran's claim. Accordingly, we affirm the denial.
AFFIRMED.
STONE and WARNER, JJ., concur.