916 So.2d 958 (2005)
CORAL-TECH ASSOCIATES, INC., a Florida corporation, Appellant,
v.
PLUMBING CONTRACTORS, INC., a Florida corporation, Appellee.
No. 4D04-4453.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied January 19, 2006.
*960 Robert E. Pershes, Scott J. Topolski and H. Michael Muniz of Buckingham, Doolittle & Burroughs, LLP, Boca Raton, for appellant.
Douglas C. Hiller and Raymond L. Robinson of Robinson & Associates, P.A., Coral Gables, for appellee.
SHAHOOD, J.
In November 1999, appellant, Coral-Tech Associates, Inc., entered into an agreement with the City of Sunrise to provide for construction and/or improvements to certain real property. In 2000, Coral-Tech entered into a subcontract agreement with appellee, Plumbing Contractors, Inc., to perform a portion of Coral-Tech's work under Coral-Tech's contract with the City.
In May 2003, Plumbing Contractors filed a multi-count complaint against Coral-Tech and Colony National Insurance. The subcontract between the parties contained an agreement to arbitrate.
In June 2003, Coral-Tech moved to stay all matters and compel arbitration pursuant to Article 14 of the contract; Coral-Tech's motion was granted in September 2003. In October 2003, Plumbing Contractors filed its demand for arbitration alleging a breach of contract in the amount of $25,943, exclusive of attorney's fees and costs which remained due and owing; Coral-Tech filed a counterclaim seeking damages in a sum to be determined after an accounting is finalized with Plumbing Contractors, as well as entitlement to attorney's fees under section 15.4 of the contract.
Section 15.4 of the subcontract contains the following attorney's fee provision:
Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising under this Agreement, or to collect damages for the breach of the Agreement or to recover on a surety bond given by a party under this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred therein.
In February 2004, Coral-Tech filed its Claim Specification in the arbitration proceedings amending its counterclaim and claiming delay damages of $27,000 against Plumbing Contractors pursuant to the liquidated damage provision under the subcontract.
In March 2004, the arbitrator issued an award in favor of Plumbing Contractors. The arbitrator found that the "revised amount due including pending change orders" was $6,884.07, that $982.07 was "due now (contract amount due)" and that $5,902 was to be held as retainage. "This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied." By so holding, Coral-Tech's counterclaim seeking $27,000 in damages was impliedly denied.
In April 2004, Plumbing Contractors moved to confirm the arbitration award and for a determination of entitlement to attorney's fees and costs. In the motion, Plumbing Contractors asserted that because the arbitration award awarded it $982.07 and denied Coral-Tech's counterclaim against Plumbing Contractors in the amount of $27,000, Plumbing Contractors was the prevailing party for attorney's fees, costs, charges and expenses; as the *961 prevailing party it was entitled to such fees under Article 15.4 of the subcontract.
Coral-Tech claimed that it was the prevailing party because Plumbing Contractors' claim for $25,943 was not granted and that the arbitrator adopted Coral-Tech's breakdown that only $982.07 was due at this time. Coral-Tech argued that where the prevailing party status was at issue and could not be determined by the trial court, then it may be remanded to the arbitrator. Coral-Tech then moved to compel attorney's fees as the prevailing party.
Plumbing Contractors moved for summary judgment against Colony National Insurance as surety for the $5,902 retainage due and owing by Coral-Tech. The trial court granted Plumbing Contractors' motion for summary judgment and held Coral-Tech and Colony National, jointly and severally liable for the sum of $982.07. Additionally, the court granted Plumbing Contractors' motion to confirm arbitration and for determination of entitlement to attorney's fees. The court reserved jurisdiction to determine the amount following an evidentiary hearing.
Coral-Tech moved for rehearing/reconsideration arguing that no argument was presented at the hearing on the prevailing party issue and disputed that Plumbing Contractors was the prevailing party. The trial court summarily denied the motion.
We hold that the trial court erred in ruling on the issue of entitlement to attorney's fees where the arbitrator failed to specify the basis for the arbitration award or to designate a prevailing party.
Where the parties have not submitted the issue of entitlement of attorney's fees to arbitration, the arbitrator is merely required to state the basis upon which the award is made to assist the trial court in later determining entitlement. See A-1 Duran Roofing, Inc. v. Select Contracting, Inc., 865 So.2d 601, 603 (Fla. 4th DCA 2004). "Where the arbitrator fails to state the basis for the award, or the record is insufficient to determine the basis upon which the party prevailed on the merits, the proper procedure for the trial court to follow is to remand the matter back to the arbitrator for an explanation of the basis for the recovery." Id. Where various claims are submitted to arbitration, some of which permit an award of fees and some of which do not, fees may not be awarded unless the award indicates that the party prevailed on a claim for which fees are permitted. See Oregon Partners No. 2, Ltd. v. Klauder Nunno Enters., Inc., 837 So.2d 1104, 1105 (Fla. 4th DCA 2003).
In Moser v. Barron Chase Securities, Inc., 783 So.2d 231, 237 (Fla.2001), the Florida Supreme Court held that an award that fails to indicate the theory upon which the party prevailed is per se inadequate and subject to remand for correction. See also A-1 Duran Roofing, 865 So.2d at 604. An arbitrator may modify, correct, or clarify an award on application made within twenty days after its delivery. See id. A court may modify or correct an award imperfect as to form on application made within ninety days after delivery. See id. Thus, a party desiring changes to the arbitration award or clarification is required to seek timely modification or clarification from either the arbitrator or the court; otherwise, the award becomes ripe for confirmation. See id.; see also §§ 682.10, 682.13-.14, Fla. Stat. In this case, it is undisputed that neither party moved to modify or clarify the award within the time rules applicable.
The fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court. See *962 Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992); see also Musselwhite v. Charboneau, 840 So.2d 1158, 1160 (Fla. 5th DCA 2003).
Coral-Tech opposed Plumbing Contractors' motion to confirm the arbitration award and argued that it was the prevailing party on the grounds that the arbitrator adopted its breakdown and pay schedule and that under the subcontract, Coral-Tech had a right to delay payment of the $982.07 until resolution of the delay claim. Coral-Tech claimed that it prevailed in that no more monies were granted to Plumbing Contractors under the contract than that conceded by Coral-Tech. In its own motion, Coral-Tech moved for entitlement to fees as the prevailing party or for remand to the arbitrator to declare who was the prevailing party.
It is not clear from the face of the arbitration award who the prevailing party was under Moritz or the basis for the relief awarded. Plumbing Contractors' complaint alleged five causes of action against Coral-Tech, only one of which sought attorney's fees under the contract. Coral-Tech argued that the arbitrator adopted its breakdown and pay schedule to arrive at the award. While the arbitrator utilized the contract and the change orders to arrive at a figure, that did not explain the basis for the relief awarded. Plumbing Contractors sought $25,943 and, due to retainage issues raised by Coral-Tech, was awarded only $982.07 without any determination by the arbitrator as to whether the award was on Plumbing Contractors' contract claim. While Plumbing Contractors was the prevailing party on Coral-Tech's counterclaim, the arbitrator's award was facially insufficient to support the trial court's finding that Plumbing Contractors was entitled to an attorney's fee award. Even the final judgment failed to designate Plumbing Contractors as the prevailing party for purposes of the fee award.
Due to the parties' failure to comply with Chapter 682, the arbitrator's award cannot be subject to further action upon remand, and, therefore, neither party is entitled to an award of attorney's fees. The deadline for modification or clarification of the arbitrator's ruling has long passed and as a matter of law, the arbitrator is without legal basis to revisit its prior award. See A-1 Duran Roofing, 865 So.2d at 605 (because Duran failed to timely move for modification or clarification, and the time to do so passed, we must affirm the trial court's denial of fees); Oregon Partners, 837 So.2d at 1105 (because the award fails to show that K & N prevailed on a theory which permitted an award of fees, the action must be remanded to the trial court with directions to vacate the order awarding attorney's fees and costs).
Accordingly, we reverse and remand with directions for the trial court to enter an order denying Plumbing Contractors' motion for attorney's fees.
Reversed and Remanded.
STEVENSON, C.J., and POLEN, J., concur.