POLEN, J.
Appellants, R.M. Stark and Gary Stark, appeal a final order in favor of Appellee, Jeffrey Noddle. The order confirmed an earlier arbitration decision, concluding that Appellants were not the prevailing party in the arbitration and awarding costs to Noddle. Noddle was the trustee for the Mal-ing Trust, which sued Appellants for violation of section 517.301, Florida Statutes, and breach of fiduciary duty. The arbitration resulted in a complete denial of the Maling Trust’s claims and in Appellants being found not liable. However, the arbitration panel did assess costs against Appellants.
*403 Following the arbitration, Appellants filed a petition with the trial court to confirm the arbitration award and to tax attorney’s fees and- costs to the Maling Trust, asserting that they were the prevailing parties pursuant to section 517.211(6), Florida Statutes.[1] However,, upon Noddle’s request, the arbitration panel issued a clarification letter stating that, despite its denial of all of the Maling Trust’s claims, Appellants were not the prevailing party in the arbitration, and denying Appellants’ attorney’s fees. The trial court determined that the clarification letter issued by the arbitration panel was part of the arbitration award and denied Appellants’ request for attorney’s fees. For the following reasons, we find that the trial court did not err in making this determination and affirm.
Appellants argue that the trial court erred in determining that the clarifying letter was part of the arbitration award. We find this argument without merit. “An arbitrator may modify, correct, or clarify an award on application made within twenty days after its delivery.” A-1 Duran Roofing v. Select Contracting, Inc., 865 So.2d 601, 605 (Fla. 4th DCA 2004).
Appellants further argue that because they did not submit the issue of attorney’s fees under Chapter 517 to the arbitration panel, the panel was without authority to deny such fees. Section 682.11, Florida Statutes (1997), provides: “Unless otherwise provided in the agreement or provision for arbitration, the arbitrators’ and umpire’s expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. This provision has been construed to vest jurisdiction for the award of attorney’s fees in the circuit court.” Moser v. Barron Chase Sec., Inc., 788 So.2d 231, 233 (Fla.2001). However, even if the parties do not submit the issue of attorney’s fees to the arbitration panel, in order for the trial court to later award prevailing party fees, the arbitration panel must determine which party was the prevailing party on the particular statutory claim on which the attorney’s fees claim is based. Id. at 234-36.
In this case, the trial court determined that the arbitration panel’s clarifying letter was part of the arbitration award. The trial court concluded, even absent the letter, it would be unable to find that Appellants were the prevailing party, given that costs had been assessed against them. We hold that the trial court was correct in determining that the letter was part of the arbitration award. Although Appellants are correct in arguing that the arbitration panel does not have the authority to award or determine entitlement to attorney’s fees, absent an express waiver from the parties, we find that the arbitration' panel acted within its authority in determining that Appellants were not the prevailing party below. Indeed, in order for the trial court to award attorney’s fees at all, the arbitration panel was required to determine the prevailing party below. See Moser, 783 So.2d at 232; see also A-1 Duran Roofing, Inc., 865 So.2d at 605 (where the arbitrator fails to state the basis for the award, or the record is insufficient to determine the basis upon which the party prevailed on the merits, the proper procedure for the trial court to follow is to remand the matter back to the arbitrator for an explanation of the basis for the recovery). Therefore, *404 though the portion of the arbitration letter which purports to determine entitlement to attorney’s fees may exceed the arbitration panel’s authority, the fact that the panel determined that Appellants were not the prevailing party does not exceed such authority.
Appellants argue that the trial court erred in upholding the arbitration panel’s determination that they were not the prevailing party below, since the Mal-ing Trust’s claims had all been denied. In this case, while the panel denied all of the Maling Trust’s claims against Appellants, it assessed arbitration fees against Appellants, as well as all forum fees and assessments, for a total of $21,650.00. The panel also determined that “the Award of costs in favor of [the Maling Trust] and against [Appellants] was intended to grant relief to [the Maling Trust], as the Panel did believe that [Appellants] were guilty of some misconduct.” The trial court, in its final order, determined:
While it would appear that had this matter been heard by a trial court with findings identical to the arbitration award, sans the award of costs and declaration of the prevailing party, the [Appellants] might be entitled to attorney’s fees pursuant to [§ 517.211(6)]_ As noted in Pan American Bank of Sarasota v. A.D. Hancock and Amanda Jane Hancock, and Lee-Bradley Corp., 3[52] So.2d 912 (Fla.2d. DCA, 1997), costs are not generally awarded against a successful party. Since the arbitration panel awarded costs against the [Appellants] in the arbitration proceeding, following the Pan American Bank of Sarasota logic, costs would not have been assessed against the [Appellants] had the [Appellants] been a successful party.
Based on the fact that Appellants were assessed costs and fees, and on the arbitration panel’s conclusion that Appellants were guilty of some wrongdoing, we find that the trial court was correct in upholding the arbitration panel’s determination that Appellants were not the prevailing parties in the arbitration. See RDC Golf of Fla. I, Inc. v. Apostolicas, 925 So.2d 1082, 1091 (Fla. 5th DCA 2006) (“A high degree of conclusiveness attaches to an arbitration award.”). We affirm the trial court’s denial of Appellants’ motion for attorney’s fees.
STEVENSON, C.J., and STONE, J., concur.

. Section 517.211(6), Florida Statutes, provides: "In any action brought under this section, including an appeal, the court shall award reasonable attorney's fees to the prevailing party unless the court finds that the award of such fees would be unjust.”