972 So.2d 1044 (2008)
WEDGEWOOD HOLDINGS, INC., a Florida corporation, Appellant,
v.
Alvin WILPON, an individual, and Evelyn Wilpon, an individual, Appellees.
No. 4D07-1731.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
*1045 Robert A. Stok of Stok & Associates, P.A., Aventura, for appellant.
Lawrence Bunin of Lawrence Bunin, P.A., Plantation, for appellees.
STEVENSON, J.
Wedgewood Holdings, Inc. ("Wedgewood") was the plaintiff and Alvin and Evelyn Wilpon were the defendants in this breach of contract and fraud in the inducement action arising out of a commercial real estate transaction. The trial court referred the case to non-binding arbitration and, in its notice of court-ordered arbitration, directed the arbitrator to determine the amount of costs to be awarded, if any. The arbitrator's decision named the Wilpons as prevailing parties, but was silent as to costs. The parties accepted the decision of the arbitrator, and the trial court entered final judgment in favor of the Wilpons. Wedgewood appeals the trial court's order finding that the Wilpons were entitled to costs and attorney's fees, and its subsequent order awarding those costs and attorney's fees. Having carefully considered the arguments raised in the appellate briefs, we find that we have jurisdiction. We reverse the award of costs because the trial court relinquished its authority to award costs under the terms of its notice of court-ordered arbitration and the Wilpons failed to timely seek correction of the arbitrator's failure to include costs before the arbitrator's decision became final. We reverse the trial court's award of attorney's fees and remand for a new evidentiary hearing to determine the amount of the Wilpons' attorney's fees because the amount of those fees was determined at an ex parte hearing that Wedgewood did not attend due to inadequate notice.
The trial court referred this case to nonbinding arbitration. Paragraph 15 of the notice of court-ordered arbitration states that "Wile arbitrator(s)' decision shall also indicate if a party is required to pay the costs of the suit and the amount of the costs to be awarded." The arbitrator issued a written decision in which it determined that the Wilpons were the prevailing parties. Notwithstanding the trial court's referral of the costs issue, the arbitrator's decision made no mention of costs. Neither party requested modification or correction of the arbitrator's decision, or a trial de novo.
Approximately 45 days after the arbitrator's decision was filed, the Wilpons moved for entry of final judgment in their favor. *1046 In paragraph 5 of said motion, the Wilpons stated:
At the conclusion of the arbitration proceeding, the parties agreed to defer the issue of attorney's fees until after the arbitrator rendered his decision; and, therefore, pursuant to the contract sued upon, Defendants have also served the attached Motion for Attorney's Fees and Costs. (Emphasis added).
In its order on said motion, the trial court held that the twenty-day period in which to request a trial de novo had passed and that no motion or request for a trial de novo had been filed. See Fla. R. Civ. P. 1.820(h). Accordingly, the trial court entered final judgment in favor of the Wilpons in accordance with the arbitrator's decision. In that same order, the trial court "reserved jurisdiction" to award attorney's fees and costs against Wedgewood. Following an ex parte evidentiary hearing on attorney's fees and costs, the trial court issued a "final judgment against plaintiff and in favor of defendant awarding costs and attorney's fees" in the total amount of $16,518.30. The judgment consists of $11,360.00 in attorney's fees and $5,158.30 in costs. In response thereto, Wedgewood moved to vacate the costs and fees award and moved for a rehearing, arguing that it did not attend the hearing on the amounts because it had not received adequate notice. At, the hearing on Wedgewood's motions, the trial court made an oral finding that Wedgewood did not receive proper notice of the hearing and orally ruled that Wedgewood was entitled to a new hearing on the amount of the Wilpons' attorney's fees and costs. That ruling, however, was never, memorialized in writing, the trial judge thereafter retired, and Wedgewood's motion requesting a written order was mislabeled as a "motion for execution of the order on the hearing" and ultimately denied by a successor trial judge.
First, we hold that since the arbitrator's decision was silent as to costs, a matter that, the trial court had expressly referred to the arbitrator, the Wilpons are procedurally barred from recovering their costs because they did not seek timely modification or correction of the arbitration decision before it became final. Cf. Connell v. City of Plantation, 901 So.2d 317, 320 (Fla. 4th DCA 2005) (holding that a prevailing party in court-ordered arbitration is entitled to costs where the costs issue had not been previously submitted to the arbitrator by the trial court). "[A] party desiring changes to the arbitration award is required to seek timely modification or clarification from either the arbitrator, pursuant to section 682.10, or the court, pursuant to sections 682.13 or 682.14; otherwise, the award becomes ripe for confirmation." A-1 Duran Roofing, Inc. v. Select Contracting, Inc., 865 So.2d 601, 604 (Fla. 4th DCA 2004).
While we accept Wedgewood's argument that the trial court referred the issue of costs to the arbitrator,[1] we reject Wedgewood's contention that the trial court's directive encompassed the issue of attorney's fees. Paragraph 15 of the notice of court-ordered arbitration, which requires the arbitrator to determine entitlement to "the costs of the suit," does not expressly mention attorney's fees and we *1047 find no basis upon which to infer that such "costs" include attorney's fees. Attorney's fees will not be regarded as "costs" unless they are specifically designated as such in a statute, by agreement or by contract. Fla. Patient's Comp. Fund v. Moxley, 557 So.2d 863 (Fla.1990); Donner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160, 161 (1948); see also Price v. Tyler, 890 So.2d 246, 251 (Fla.2004) (holding that section 57.041, Florida Statutes, which entitles a prevailing party in a civil action to costs, does not encompass attorney's fees). We conclude that the most reasonable interpretation of the trial court's referral order is that it did not include attorney's fees in the term "costs."
Wedgewood further argues that paragraph 15 should be read to incorporate paragraph 18 of the referral order and that paragraph 18 defines "costs" to include attorney's fees. We disagree. Paragraph 18 applies only where a party has requested a trial de novo and states that "[i]f the judgment from the trial de novo is not more favorable than the arbitration decision, the party having filed for the trial de novo may be assessed the arbitration costs; additional court costs; and other additional reasonable costs of the other parties, including attorneys' fees. . . ." We find Wedgewood's argument unpersuasive. First, paragraph 18 expressly applies only where a party has requested a trial de novo. Second, in that context, attorney's fees are authorized by statute. See § 44.103, Fla. Stat. (2006).
Based upon the foregoing, we reverse the trial court's order denying Wedgewood's motion to vacate the trial court's final judgment awarding costs and attorney's fees. With regard to the attorney's fees, we hold that the trial court retained the authority to award attorney's fees to the prevailing party in the arbitration and that the recovery of attorney's fees is authorized by section XIX of the parties' real estate contract. In light of the trial court's finding that Wedgewood did not receive adequate notice of the evidentiary hearing on the amount to be awarded, we reverse the order awarding attorney's fees and remand for a new hearing limited to the amount of attorney's fees to be awarded to the Wilpons. With regard to costs, we reverse the trial court's order reserving jurisdiction to award costs as well as its order, awarding costs, based upon our holding that the Wilpons are procedurally barred from obtaining an award of costs from the trial court.
Affirmed in part; Reversed in part; Remanded for further proceedings in accordance with this opinion
STONE, J., and TRAWICK, DARYL EVAN, Associate Judge, concur:
NOTES
[1] The Wilpons argued below that the parties mutually agreed to defer the costs issue until after the arbitrator's decision became final. We find this claim, which is contested by Wedgewood, to be unsupported by the record. In paragraph 5 of their written motion to the trial court for entry of final judgment, supra, the Wilpons represented only that the parties agreed to defer the issue of "attorney's fees." Their motion made no mention of an agreement by the parties to defer the issue of costs, and they submit no evidence of such an agreement.